## COMMERCIAL NATIONAL BANK OF SHREVEPORT v. W. E. McWILLIAMS

80-173                                          606 S.W. 2d 363
Supreme Court of Arkansas
Opinion delivered October 20, 1980

*Wheeler, Graham & Wyrick*, by: *Josh R. Morriss III*, for appellant.

No brief for appellee.

Darrell Hickman, Justice. The only issue in this case is which of two innocent parties will suffer the loss of interest in a motor home: A bank that held a certificate of title with its lien duly recorded on the certificate or a purchaser of the motor home with no notice of the bank's lien.

The Commercial National Bank of Shreveport had a lien on the motor home in question and brings this appeal from a suit for replevin. The Circuit Court of Miller County held that W. E. McWilliams, the appellee, was a bona fide purchaser for value without notice of the bank's lien and could keep the motor home. We disagree and reverse the judgment.

The question to us is purely one of law, the essential facts being undisputed. Roger W. Scott purchased the motor home in September, 1977, and executed a note and chattel mortgage in favor of Commercial National Bank of Shreveport. Title on the vehicle was issued by the State of

Louisiana showing the owner to be Roger W. Scott, with a first lien in favor of Commercial National Bank. This lien, including the name and address of the bank and the amount of the chattel mortgage, was noted on the front of the certificate of title. Commercial National Bank took possession of the certificate of title at that time and has retained possession at all times since. In November, 1977, American Bank and Trust obtained a judgment against Roger Scott and in February, 1978, executed on this judgment. As a result, a judicial sale was held and the motor home was sold to Bob Strange of French Motors. A judicial bill of sale was issued but no certificate of title changed hands. French Motors sold the motor home to Barker Auto Sales in that same month, and in May, 1978, Barker sold the motor home to A. R. Crabtree Motor Company. Crabtree was the brother-in-law of the appellee, W. E. McWilliams, and purchased the motor home for McWilliams. In May, 1978, a bill of sale was issued in Arkansas from A. R. Crabtree Motor Company to W. E. McWilliams.

In September, 1978, at McWilliams' request, the Arkansas Motor Vehicle Division requested a Louisiana title from the State of Louisiana. In October, 1978, Commercial National Bank filed suit in the Circuit Court of Miller County, Arkansas, for replevin of the motor home. Finally, Louisiana issued a certificate of title in February, 1979, on the vehicle, erroneously indicating no liens. Arkansas then, in March, 1979, issued a certificate of title to McWilliams, also reflecting no liens.

In these circumstances the question is which party is protected by the law.

Under the certificate of title law in Louisiana, every chattel mortage on a motor vehicle is effective against third persons as of the time of its execution if it is validated by the office of the Motor Vehicle Commission within fifteen days after such execution. LSA § 32:710(B) (Supp. 1980). The Louisiana statutes provide that the certificate of title is to be retained by the person having the superior security interest until that debt is satisfied. LSA § 32:708(A) (Supp. 1980).

It is not disputed that Commercial National Bank acquired a security interest in this motor home in Louisiana and that all of the requirements for perfection under Louisiana law were met. As long as the bank retained the certificate of title, it maintained its security interest. Nothing else was required. In May of 1978, the motor home was purchased by Crabtree Motors and brought to Arkansas where it was immediately sold to W. E. McWilliams. At that point two Arkansas statutes became controlling. The first statute is Ark. Stat. Ann. § 75-160(c) which concerns a vehicle that is subject to a security interest when brought into this state. The statute reads:

. . .

2. If the security interest was perfected under the law of the jurisdiction where the vehicle was when the security interest attached, the following rules apply:

(A) If the name of the lien holder is shown on an existing certificate of title issued by that jurisdiction, his security interest continues perfected in this state.

Next to be considered is the Commercial Code, Ark. Stat. Ann. § 85-9-103(2) (Supp. 1979) which reads:

(2) Certificate of title. (a) This subsection applies to goods covered by a certificate of title issued under a statute of this state or of another jurisdiction under the law of which indication of a security interest on the certificate is required as a condition of perfection. . . .

(d) If goods are brought into this state while a security interest therein is perfected in any manner under the law of the jurisdiction from which the goods are removed and a certificate of title is issued by this state and the certificate does not show that the goods are subject to the security interest . . ., the security interest is subordinate to the rights of a buyer of the goods who is not in the business of selling goods of that kind to the extent that he gives value and receives delivery of the goods *after*

issuance of the certificate and without knowledge of the security interest. [Emphasis added.]

At this point is is important to note that McWilliams paid consideration and took delivery of this motor home several months *before* Louisiana and Arkansas issued the certificates of title that failed to show the bank's lien. To allow him to retain this vehicle would defeat the general policy involved in certificates of title laws, which is that lien holders and third parties should be able to rely upon certificates of title. The appellee could not be considered a bona fide purchaser because he did not purchase relying on any certificate of title.

Ark. Stat. Ann. § 75-160(c)(2)(B) does not aid the appellee in this situation. The pertinent part of that statute states:

(B) If the name of the lien holder is not shown on an existing certificate of title issued by that jurisdiction, the security interest continues perfected in this State for four (4) months after a first certificate of title of the vehicle is issued in this State, and also, thereafter if, within the four (4) month period, it is perfected in this State. The security interest may also be perfected in this State after the expiration of the four (4) month period; in that case perfection dates from the time of perfection in this State.

The first sentence of § 75-160(c)(2)(B) makes it clear that appellee cannot claim under that section. In this case the name of the lien holder, Commercial National Bank of Shreveport, *was* shown on the face of the original certificate of title issued by the State of Louisiana. That certificate of title has never left the possession of the bank.

We find that the bank's security interest continued to be perfected pursuant to Ark. Stat. Ann. § 75-160(c) and § 85-9-103(2). Almost a year after he had purchased the motor home and five months after the bank had filed suit for replevin, McWilliams received an Arkansas certificate of title based on a certificate of title issued by Louisiana the month before.

Unfortunately, the State of Louisiana failed to indicate

the lien held by Commercial National Bank. This error did not aid McWilliams because the bank retained at all times the original certificate of title issued by the State of Louisiana and McWilliams knew that before he received his Arkansas certificate.

Reversed.