# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3484

_____

William S. Meeks, Trustee,           *
                                                   *

           Appellant,           *

                                                  *  Appeal from the United States

     v.                       *  District Court for the Western

                                                  *  District of Arkansas.

Mercedes Benz Credit Corporation,  *

                                                  *  [TO BE PUBLISHED]

           Appellee,            *

                                                  *

Billy Harold Stinnett; Terry Lynn    *

Stinnett,                         *

                                                  *

          Debtors.            *

_____

Submitted:  July 5, 2001
Filed:  July 16, 2001

_____

Before HANSEN, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

Bankruptcy trustee William S. Meeks (Trustee) appeals the district court's[1] judgment affirming the bankruptcy court's[2] judgment in favor of Mercedes-Benz Credit Corporation (MBCC) in his adversary proceeding to avoid MBCC's lien on proceeds from the sale of a truck.

Billy Stinnett (Debtor) purchased a Freightliner truck (on credit) from Texarkana Truck Center, Inc. (TTC), in Texas. The parties' security agreement indicated that Debtor's home address was in Arkansas. TTC immediately assigned the contract and its interest in the truck to MBCC. On Debtor's behalf, Trux, Inc. registered and titled the truck in Oklahoma, using a business address it acquired for him. Oklahoma subsequently issued a title reflecting a lien in favor of MBCC. Upon purchasing the truck, Debtor immediately drove it to his Arkansas residence, and thereafter operated the truck from his residence, hauling loads primarily to Texas, Colorado, Oklahoma, and Kansas. Debtor never owned a business in Oklahoma.

The bankruptcy court concluded that under Ark. Code Ann. § 409-103(2)(b), Oklahoma law controlled the perfection of MBCC's security interest; and because Oklahoma law required indication of a security interest on the certificate of title for perfection, MBCC's interest was perfected for purposes of Arkansas law. The court thus entered judgment for MBCC. Trustee appealed to the district court. Noting that neither party questioned any findings of fact, and reviewing de novo the bankruptcy court's conclusions, the district court affirmed the decision of the bankruptcy court. This appeal followed.

---

[1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

[2]The Honorable Mary Davies Scott, United States Bankruptcy Judge for the Western District of Arkansas.

After de novo review, see In re Mathiason, 16 F.3d 234, 235 (8th Cir. 1994), we conclude the bankruptcy court correctly determined MBCC's interest was perfected for purposes of Arkansas law. See Butner v. United States, 440 U.S. 48, 54-55 (1979) (state law applies to determine security interests); Ark. Code Ann. § 4-9-103(2) (Supp. 1999) (where goods are covered by certificate of title issued under statute of another jurisdiction--under law of which security interest must be indicated on certificate as condition of perfection--perfection of security interest is governed by law of jurisdiction issuing certificate of title; law continues to govern until goods are registered in another jurisdiction); Okla. Stat. Ann. tit. 47 § 1105(G) (2000) (statement of lien or encumbrance shall be included on Oklahoma certificate of title and shall be deemed continuously perfected).

The Trustee argues that Arkansas's statutes concerning motor vehicle registration, see Ark. Code Ann. §§ 27-14-801, 802 (1994), apply to determine the validity of MBCC's security interest, and that under these provisions, the security interest was not perfected because the truck was never registered in Arkansas. We agree with the bankruptcy court and the district court, however, that section 4-9-103(2)(a), (b) (Supp. 1999)--Arkansas's codification of a section of the Uniform Commercial Code (UCC) --applies instead. The issue involved in this appeal is the perfection of MBCC's security interest, not compliance with Arkansas's vehicle registration laws, which serve a different purpose. See In re Durette, 228 B.R. 70, 72-74 (Bankr. D. Conn. 1998) (considering virtually identical factual situation involving similar motor-vehicle-statute conflict with UCC provision; vehicle registrations and certificates of title are governed by separate statutes and serve distinct purposes: purpose of registration requirements is identification and revenue while purpose of requiring that lien be noted on title certificate for perfection is to provide notice of encumbrance to potential purchasers or creditors); Commercial Nat'l Bank of Shreveport v. McWilliams, 606 S.W.2d 363, 365 (Ark. 1980) ("the general policy involved in certificate of title laws . . . is that lien holders and third parties should be able to rely upon certificates of title").

As the district court noted, applying the UCC provision enables buyers and lenders readily to ascertain the existence of liens on vehicles and promotes the purpose of the UCC. See In re Paige, 679 F.2d 601, 602 (6th Cir. 1982) (purpose of UCC is to promote uniform recognition of security interests which have been noted on certificate of title; where Michigan debtor purchased truck in Indiana and titled and registered truck in Illinois using Illinois address, creditor's lien was validly perfected under Michigan's codification of UCC § 9-103(2) because Illinois certificate of title indicated lien).

Finally, we have considered but reject Trustee's remaining arguments.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.