ORIX CREDIT ALLIANCE,
INC., Appellant.

v.

HEARD FAMILY TRUCKING, INC.
and J.C. Bell, Trustee, Appellees.

Civ. A. No. 4:93–CV–0090(L)(C).

United States District Court,
S.D. Mississippi,
Eastern Division.

Feb. 10, 1994.

Craig M. Geno, Holcomb, Dunbar, Connell, Chaffin & Willard, Jackson, MS.

Thomas Calvin Wells, Wells, Moore, Simmons, Stubblefield & Neeld, Jackson, MS.

J.C. Bell, Jr., Trustee, Hattiesburg, MS, pro se.

Ronald McAlpin, pro se.

### MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

Appellant Orix Credit Alliance, Inc. (Orix) appeals a decision of the Bankruptcy Court for the Southern District of Mississippi concluding that Orix's security interest in a tractor truck owned by appellee Heard Family Trucking, Inc. (Heard Trucking) was not perfected under Mississippi law.[1] Orix also contests the bankruptcy court's refusal to reconsider that ruling in light of new evidence. Having thoroughly considered the memoran-

---

1. J.C. Bell is the Chapter 7 trustee of Heard's estate.

da of both parties and other pertinent authorities, this court concludes that the judgment of the bankruptcy court should be reversed.

### Facts

The pertinent facts are not in dispute. Heard Trucking, the bankrupt, whose principal place of business is in Brooksville, Mississippi, purchased a new tractor truck on March 3, 1990 from Columbus White Sales, Inc., d/b/a Columbus Sales Center (Columbus). In conjunction therewith, a "Conditional Sale Contract Note" was executed, which granted a security interest in the vehicle to Columbus. This note was assigned to Orix on the same day. Though the entire transaction, including the delivery of the truck, took place in Mississippi, the certificate of title for the truck was obtained in Alabama.[2] Orix's lien notation appeared on the face of the title as required by Alabama law to perfect a security interest.[3] The validity of this notation under Mississippi law is the subject of the present dispute between the parties.

On September 3, 1991, Heard Trucking filed for bankruptcy relief.[4] Orix moved in bankruptcy court on October 16, 1991, to have the automatic stay be lifted, claiming the truck was not adequately protected from a decline in value. At the evidentiary hearing on Orix's motion, held on January 9, 1992, it was established that the address listed on the Alabama title was not that of Heard Trucking, but was the address of Holmes Company (Holmes), a client of Heard Trucking based in Jackson, Mississippi, but which also maintained the Alabama address. Sam Heard, Jr., the president and sole stockholder of Heard Trucking, professed ignorance as to how the Alabama address came to be on the title, and testified that although he had handled the negotiations for the purchase of the truck, he had not picked up the truck, and to his knowledge had not signed the application for title which listed the Alabama address. Heard also testified that he had at no time attempted to invalidate the Alabama title on the truck, or to obtain title in Mississippi or any other state. Finally, Heard testified that the truck was used in interstate commerce.[5] Although not mentioned in the bankruptcy court's opinion, his testimony in these last two respects is relevant to the proper determination of this matter.

After this hearing, the bankruptcy court issued an opinion on June 11, 1993, in which it declared that Orix's security interest in the truck was not properly perfected under Mississippi law and, hence, was inferior to that of the bankruptcy trustee. In rendering this decision, the bankruptcy court relied exclusively on the Mississippi Motor Vehicle Title Law, Miss.Code Ann. § 63–21–1 *et seq.* The court concluded pursuant to Miss.Code Ann. § 63–21–55, that resort to the Mississippi title law was the exclusive means available for Orix to perfect its security interest, and that Orix had failed to satisfy the provisions for perfecting its security interest thereunder.

The perfection provision incorporated into Mississippi's title laws provides:

(1) Unless excepted by section 63–21–41, a security interest in a vehicle of a type which a certificate of title is required is not valid against creditors of the owner or subsequent transferees or lienholders of the vehicle unless perfected as provided in this chapter.

(2) A security interest is perfected by the delivery to the comptroller of the existing certificate of title, if any, an application for a certificate of title containing the name and address of the lienholder and the date

---

**2.** This was the only certificate of title in existence for this truck.

**3.** The Alabama certificate of title lists First Interstate Credit Alliance as the lienholder. The court assumes this notation is representative of Orix's interest, since there has been no suggestion otherwise.

**4.** Heard originally filed for relief under Chapter 11 of the Bankruptcy Code, but later converted his petition into a Chapter 7 action.

**5.** Specifically, Heard testified that the truck made deliveries in California, Florida and occasionally to Alabama. He also stated that the truck travelled through numerous other states and was, generally, always "on the road."

of his security agreement, and the required fee.

(3) If a vehicle is subject to a security interest when brought into this state, the validity of the security interest is determined by the law of the jurisdiction where the vehicle was when the security interest attached, subject to the following:

(a) If the parties understood at the time the security interest attached that the vehicle would be kept in this state and it was brought into this state within thirty (30) days thereafter for purposes other than transportation through this state, the validity of the security interest in this state is determined by the law of this state.

(b) If the security interest was perfected under the law of the jurisdiction where the vehicle was when the security interest attached, the following rules apply:

(i) If the name of the lienholder is shown on an existing certificate of title issued by that jurisdiction, his security interest continues perfected in this state.

(ii) If the name of the lienholder is not shown on an existing certificate of title issued by that jurisdiction the security interest continues perfected in this state for four (4) months after a first certificate of title of the vehicle is issued in this state, and also thereafter if, within the period of four (4) months, it is perfected in this state. The security interest may also be perfected in this state after the expiration of the period of four (4) months, in which case perfection dates from the time of perfection in this state.

(c) If the security interest was not perfected under the law of the jurisdiction where the vehicle was when the security interest attached, it may be perfected in this state, in which case perfection dates from the time of perfection in this state.

Miss.Code Ann. § 63–21–43. The bankruptcy judge explained that the lien was not perfected under § 63–21–43(3)(b), since the security interest had neither attached in Alabama nor had the truck been brought from there. He noted that the truck was purchased and delivered in Mississippi, where the security agreement was executed as well. Accordingly, the judge correctly ruled that all the requirements for attachment had occurred in Mississippi.[6] Further, since the truck was actually purchased in Mississippi, the court concluded that it was never brought into Mississippi as required by the statute. Alternatively, the court reasoned that even if the attachment occurred in Alabama and the truck had been brought into Mississippi, Orix's interest was still unperfected pursuant to § 63–21–43(3)(a), since the parties contemplated that the truck would be brought into this state within thirty days after the security interest attached.[7]

### Analysis

▮▮▮ The bankruptcy court's conclusions of law are subject to *de novo* review by this court. *Carthage Bank v. Kirkland,* 121 B.R. 496, 499 (S.D.Miss.1990). Here, the court has reviewed the statutes upon which the bankruptcy court relied—in particular, Miss. Code Ann. § 63–21–43—and concludes that reliance on this statute is inappropriate under these circumstances, and that the court must reverse the bankruptcy court's ruling. Under Miss.Code. Ann. § 63–21–11(d), no certificate of title need be obtained for "a vehicle regularly engaged in the interstate transportation of persons or property for which a currently effective certificate of title has been issued in another state." *Id.* The truck in question was obviously engaged in interstate transportation of property. This was established at the hearing when Heard testified that the vehicle made deliveries to, *inter alia,* Alabama, California and Florida, and was constantly "on the road." Also, a currently effective Alabama certificate of title

---

**6.** Generally, attachment occurs when the following three requirements are established:
 a. Existence of a security agreement;
 b. Creditor has given value; and
 c. Debtor has rights in the collateral.
*See* Miss.Code Ann. § 75–9–203.

**7.** In support of this finding, the bankruptcy judge cited the sales contract which indicated that the truck would be kept at Heard Trucking's principal place of business, Route 1 Box 81, Brooksville, Mississippi.

existed at all relevant times, since Heard never surrendered the title, nor was there any evidence that it had been invalidated by the State of Alabama.[8] This title, in fact, was the only one in existence for the truck.[9] The court thus concludes that the truck in question fits within the exception provided by § 63–21–11(d) and, accordingly, that resort to Mississippi's title laws to determine perfection is improper in this situation.

 The reasons are simple. The perfection laws under the Mississippi title laws apply only where the vehicle is of the type for which a "certificate of title is required." Miss.Code Ann. § 63–21–43(1). Applying the perfection provisions in any other situation would produce grossly unjust results, as the following illustrates. In order to perfect a security interest in a vehicle under the Mississippi title laws, the lienholder is required to deliver an application to the designated state authority requesting that his lien be noted on the existing title. Miss.Code Ann. § 63–21–43(2). If, as the bankruptcy judge concluded in this case, a security interest were required to be perfected in Mississippi under § 63–21–43(3) or (4), the lienholder would simply apply for a lien notation on an existing title. But this assumes that there is an existing title on which the creditor might note his interest since under Mississippi law, a creditor cannot obtain a Mississippi certificate of title of his own volition. See Miss. Code Ann. § 63–21–15 (only owner can apply for certificate of title). In this case, it would have been impossible for Orix to note its lien on the title since Heard Trucking had not obtained a Mississippi title. Nor, more importantly, was Heard Trucking even required to obtain such a title, since the truck was covered by the title exception already discussed. The court cannot conclude that § 63–21–43 applies since to do so would be to

endorse the view that a party such as Orix, which through no fault of its own has no means by which to perfect its security interest, should suffer by reason of its having failed to perfect that interest. This position is not reasonable and the court, therefore, concludes that the bankruptcy court's decision was in error.

 The Mississippi title law provides that the method "of perfecting and giving notice of security interests *subject to this chapter* is exclusive." Miss.Code Ann. § 63–21–55 (emphasis added). However, having concluded that the security interest in question is not subject to this chapter, the court looks to the perfection provisions of the Uniform Commercial Code, codified at Miss. Code Ann. § 75–9–101 *et seq.* The relevant provision of that chapter provides:

(2) Certificate of Title

(a) This subsection applies to goods covered by a certificate of title issued under a statute of this state or of another jurisdiction under the law of which indication of a security interest on the certificate is required as a condition of perfection.

(b) Except as otherwise provided in this subsection, perfection and the effect of perfection or non-perfection of the security interest are governed by the law (including the conflict of law rules) of the jurisdiction issuing the certificate or until four (4) months after the goods are removed from the jurisdiction and *thereafter* until the goods are registered in another jurisdiction, but in any event not beyond the surrender of the certificate....

Miss.Code Ann. § 75–9–103(2)(Supp.1993) (emphasis added).[10] Applying this section, the court concludes that Orix's perfected Alabama security interest remains perfected in Mississippi. First, Orix's notation on the

---

**8.** Under Alabama law, the state can invalidate a title if it has been "fraudulently procured or erroneously issued" or if the vehicle has been "scrapped, dismantled or destroyed." Ala.Code § 32–8–49. However, as noted in that statute, even if the title is invalidated, this does not necessarily affect the validity of the security interest. *Id.*

**9.** Further, Orix's security interest in the vehicle was properly noted on the title under Alabama

law. *See* Ala.Code § 32–8–61 (1975) (name and address of lienholder on certificate of title secures perfection).

**10.** Heard Trucking, purportedly construing Miss. Code Ann. § 75–9–103 (1972), devoted nearly four pages of argument to its interpretation. However, that version of § 75–21–103 has not been in effect since 1978.

Alabama title is clearly covered by § 75–9–103(2)(a), i.e., Alabama is a state which requires notation on the certificate of title for perfection. And, further, since under § 75–9–103(2)(b) Orix was not required to perfect an interest in Mississippi until either a new title was issued in Mississippi or the Alabama title was surrendered, neither of which occurred, Orix's Alabama perfection remained valid in this state.[11] *See In re Ramey,* 93 B.R. 136 (Bankr.E.D.Tenn.1988) (§ 9–103(2) applied under similar circumstances to perfect security interest); *In re B & S Motor Freight, Inc.,* 59 B.R. 259 (Bankr.N.D.Okl. 1986) (same).

The bankruptcy court, in its June 11 opinion, also made limited findings of fact which are the subject of substantial dispute. In summary, the court stated that no one had adequately explained the existence of the Alabama title in light of Heard's testimony that he had no idea how the certificate was filed. At some point following the hearing on this matter, and just prior to the issuance of the bankruptcy court's decision, Orix obtained from Alabama's public records an application of title for the truck in question signed by Heard and several cab cards for the truck which were issued in Alabama and obtained by Holmes, all of which might tend to discredit Heard's testimony. Although this evidence was not submitted to the bankruptcy court before the issuance of its opinion, Orix did request that the bankruptcy court reconsider its opinion in light of this evidence. The request was denied. Orix has appealed the denial and contends that this evidence will materially affect the court's determination in this matter. The court concludes, however, that this evidence need not be considered, since it would not affect the outcome of this case.

■■■■ Heard's testimony, *supra,* established only that there may have been a mistake either in obtaining an Alabama title and/or that a mistake may have been made when the Holmes address was placed on the certificate of title. Orix's new evidence might tend to indicate that the Alabama title was procured not by mistake, as Heard had indicated, but by improper means. Whether the certificate was obtained by mistake or otherwise, however, is irrelevant to the validity of Orix's security interest. A number of courts have ruled that it is improper for a court to invalidate a security interest, properly noted on a certificate of title, simply because the title contains an incorrect address, potentially subjecting the title to attack. *See, e.g., In re Angier,* 684 F.2d 397 (6th Cir.1982); *In re Paige,* 679 F.2d 601 (6th Cir.1982); *In re B & S Motor Freight, Inc.,* 59 B.R. 259 (Bankr.N.D.Okl.1986). The rationale is that a notation on a certificate of title, whether the title is subject to attack or not, satisfies the purposes of Article 9 of the Uniform Commercial Code and any other perfection system, i.e., notice. That is, if the title reflects a properly noted security interest, it provides notice to subsequent creditors of that existing security interest. "A potential creditor need only look to one place—the certificate of title, regardless of the issuing state—to discover prior security interests … [and] '[i]f a debtor cannot or will not produce the title certificate the potential creditor is immediately on notice that he acts at his own risk.'"[12] *In re Angier,* 684 F.2d

11. Heard Trucking takes the position that a vehicle must be first titled in the jurisdiction from which it was purchased, and/or that it must be titled in the debtor's principal place of business. Since it was not, Heard argues that Orix's interest is not perfected. The court has examined Mississippi's title laws and finds no such requirement. Moreover, in other cases in which a party has argued that the title should be filed in the debtor's principal place of business, such a contention has been rejected. Those courts have concluded that this would require a "potential creditor not only to examine the debtor's [existing] certificate of title but also to determine whether it was issued by the state of the debtor's chief place of business," a practice which would needlessly "complicate commercial transactions...." *In re B & S Motor Freight, Inc.,* 59 B.R. at 265 (citing *In re Paige,* 679 F.2d at 603–04.)

12. The court in *In re Paige* stated:

Laws providing for registration of vehicles are now, and have been for some time, commonplace, and prospective lenders are generally aware of their existence. Any such lender, preparing to extend credit to the owner of a vehicle used in multi-state commerce … will most assuredly ask his prospective debtor for his … title papers, and begin his investigation, in respect of the liens, in the certificating state …

at 399 (citing *In re Paige*, 679 F.2d at 603). Therefore, the pertinent query should be whether a security interest was properly noted on a currently effective foreign title, and whether it remains effective under the UCC or, if applicable, state title laws.[13] In this case, those requirements have been satisfied. As indicated previously, the Alabama certificate of title, which has not been shown to have been surrendered or invalidated, reflects Orix's interest, and pursuant to the appropriate perfection laws, Orix retained a perfected lien in Mississippi.[14]

### Conclusion

Based on the foregoing, it is ordered that this case be reversed and remanded for further determination consistent with this opinion.

SO ORDERED.

*In re Paige*, 679 F.2d at 603 (*quoting In re Dawson*, 21 U.C.C.Rep. 293, 299, 1976 WL 23641 (E.D.Mo.1976); *see also In re Ramey*, 93 B.R. at 141.

13. This is the most appropriate approach in this situation, as well, since in Mississippi and Alabama the creditor has no choice but to file his lien on an existing title. *See* Ala.Code § 32–8–35 (1975) (only owner can obtain title); Miss.Code Ann. § 63–21–15 (same). Thus, to determine the

validity of the creditor's security interest by reference to acts over which he has no control would be unjust.

14. The court is advised that the truck in question has been sold. Consequently, the question remaining for the bankruptcy court is determining to what portion of the proceeds, if any, Orix is entitled.