United States Court of Appeals,

Fifth Circuit.

No. 94-60127.

In the Matter of HEARD FAMILY TRUCKING, INC., Debtor.

ORIX CREDIT ALLIANCE, INC., Appellee,

v.

HEARD FAMILY TRUCKING, INC., and J.C. Bell, Jr., Appellants.

Jan. 10, 1995.

Appeal from the United States District Court for the Southern District of Mississippi.

Before SMITH and EMILIO M. GARZA, Circuit Judges, and STAGG, District Judge.[*]

JERRY E. SMITH, Circuit Judge:

Heard Family Trucking, Inc. ("Heard Family"), a chapter 7 debtor located in Mississippi, appeals the district court's ruling that a creditor's lien on a Heard Family truck was perfected by the issuance of an Alabama certificate of title. Heard Family argues that, under Mississippi law, the exclusive means of perfecting a security interest in a Mississippi vehicle is through a title issued under that state's Motor Vehicle Titles Law. Concluding that Mississippi law creates an exception for vehicles engaged in interstate commerce that are titled properly in other states, we affirm.

I.

In March 1990, Heard Family, a Mississippi corporation with

---

[*]District Judge of the Western District of Louisiana, sitting by designation.

its principal place of business in that state, purchased a tractor trailer truck (the "Freightliner") from Columbus White Sales, Inc. ("Columbus"). The sale was made by a conditional sales contract note between Heard Family and Columbus, and the note was assigned to appellee Orix Credit Alliance, Inc. ("Orix"), on the day of the sale. Pursuant to the contract, Orix was granted a security interest in the Freightliner. Soon thereafter, the Alabama Department of Revenue issued a certificate of title for the Freightliner.[1] In accordance with Alabama law, Orix's lien was noted on the certificate; the title incorrectly listed Heard Family's address as Kennedy, Alabama.

Heard Family business dealings took a downturn. By September 1991, it filed a bankruptcy petition under chapter 11, which subsequently was converted to chapter 7. Meanwhile, Orix filed a motion in the bankruptcy proceedings, seeking a lifting of the automatic stay as to the Freightliner. Heard Family's trustee, however, believed that the estate's interest in the truck was superior to Orix's under the "strong-arm clause" of the Bankruptcy Code. *See* 11 U.S.C. § 544 (1993). While disputing who was entitled to the proceeds, the parties nonetheless agreed to the sale of the Freightliner. Upon sale, Heard Family's trustee deposited the proceeds, pending a determination of the validity of Orix's lien.

The bankruptcy court held a hearing and concluded that Orix

---

[1] The record does not provide an answer to how and why the Freightliner was titled in Alabama. Because these facts are not critical to our decision here, we do not address them.

did not have a perfected security interest in the Freightliner. The court read MISS.CODE ANN. § 63-21-43 (1989) to require a proper Mississippi title in order to perfect a security interest in the Freightliner. Because the Freightliner did not have a Mississippi title, the bankruptcy court ruled that the trustee's judicial lien was superior, and the trustee was entitled to the proceeds of the sale.

On appeal, the district court reversed, holding that Mississippi law does not require the Freightliner, as a vehicle engaged in interstate commerce, to have a Mississippi title. *See* MISS.CODE ANN. § 63-21-11(d) (1989). As the court found that the provisions of the Motor Vehicle Titles chapter did not apply, the Mississippi perfection provisions of its Uniform Commercial Code, MISS.CODE ANN. § 75-9-101 *et seq.* (1981 & Supp.1994) ("UCC"), controlled. Under § 75-9-103(2), an interest perfected in another state by issuance of a title remains perfected until a Mississippi title is issued or the out-of-state title is surrendered. Since neither predicate event had occurred here, the court held that Orix's security interest remains in effect, and its interest in the proceeds of the sale of the Freightliner is superior to those of the trustee.

II.

A.

We first examine whether we have jurisdiction over this appeal. Under 28 U.S.C. § 158(a) (1993), the district court has jurisdiction to hear appeals from "final judgments, orders, and

3

decrees" issued by the bankruptcy court. Under 28 U.S.C. § 158(d), the court of appeals has jurisdiction over the "final decisions, judgments, orders, and decrees" issued by the district court under either § 158(a) or (b). The Supreme Court has defined a "final judgment" as used in 28 U.S.C. § 1291 as a decision that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 373-74, 101 S.Ct. 669, 673, 66 L.Ed.2d 571 (1981) (citations omitted).

The bankruptcy court's decision on the validity of Orix's security interest was but a small part of the ongoing bankruptcy proceedings. This context, however, does not automatically divest us of jurisdiction. The rule for appeals in bankruptcy cases is necessarily more flexible than is the traditional rule under 28 U.S.C. § 1291. Accordingly, we have stated that "an order which ends a discrete judicial unit in the larger case concludes a bankruptcy proceeding and is a final judgment for the purposes of section 158(d)." *England v. FDIC (In re England),* 975 F.2d 1168, 1171-72 (5th Cir.1992). We have tended to define such discrete units as coterminous with adversary proceedings. *Louisiana World Exposition, Inc. v. Federal Ins. Co. (In re Louisiana World Exposition, Inc.),* 832 F.2d 1391, 1396 (5th Cir.1987). Furthermore, we have held that a bankruptcy court's recognition of a creditor's security interest was such a final order. *See ITT Diversified Credit Corp. v. Lift & Equip. Serv., Inc. (In re Lift & Equipment Service, Inc.),* 816 F.2d 1013, 1016 (5th Cir.), *reh'g*

4

*on other grounds,* 819 F.2d 546 (5th Cir.1987).

Here, the review of the district court's decision is proper, as it disposes of a discrete unit within a larger case. The bankruptcy and district courts determined the narrow question of entitlement to the proceeds from the sale of the Freightliner. The rulings at issue settle all questions concerning that sale and eliminate Orix from the proceedings.[2] A ruling by this court in favor of either party leaves nothing for the lower court to do except the ministerial task of directing payment of the proceeds. Accordingly, the order in question is final, and we have appellate jurisdiction.

### B.

The district court held that a Mississippi certificate of title was not necessary to perfect Orix's security interest in the Freightliner, because Mississippi law provides an exception from the state's title requirements for vehicles engaged in interstate commerce. In reviewing the district court's affirmance of the bankruptcy court's findings of fact, we strictly apply a clearly erroneous standard to the bankruptcy court's findings. *Perkins Coie v. Sadkin (In re Sadkin),* 36 F.3d 473, 475 (5th Cir.1994) (per curiam). We review conclusions of law *de novo.  Id.*

The Mississippi Motor Vehicle Titles Law, MISS.CODE ANN. § 63-21-1 *et seq.* (1989 & Supp.1994), controls issuance of Mississippi

---

[2]Orix also had security interests in two other trucks purchased by Heard Family. Apparently the validity of these interests was not contested, so any further involvement of Orix would be limited to receipt of its property.

certificates of title for automobiles and the perfection of security interests in those vehicles. Most security interests for Mississippi vehicles are perfected under MISS.CODE ANN. § 63-21-43. This section provides that:

> (1) Unless excepted by section 63-21-41, a security interest in a vehicle of a type which a certificate of title is required is not valid against creditors of the owner or subsequent transferees or lienholders of the vehicle unless perfected as provided in this chapter.
>
> (2) A security interest is perfected by the delivery to the comptroller of the existing certificate of title, if any, an application for a certificate of title containing the name and address of the lienholder and the date of his security agreement, and the required fee.
>
> (3) If a vehicle is subject to a security interest when brought into this state, the validity of the security interest is determined by the law of the jurisdiction where the vehicle was when the security interest attached, subject to the following:
>
>> (a) If the parties understood at the time the security interest attached that the vehicle would be kept in this state and it was brought into this state within thirty (30) days thereafter for purposes other than transportation through this state, the validity of the security interest in this state is determined by the law of this state.

Moreover, § 63-21-55 states that "the method provided in this chapter of perfecting and giving notice of security interests subject to this chapter is exclusive."

Not every vehicle physically within the state of Mississippi, however, need be titled in the state. Mississippi law recognizes numerous exceptions. The relevant exception here, provided by § 63-21-11(d), states that "[n]o certificate of title need be obtained for: ... a vehicle regularly engaged in the interstate transportation of persons or property for which a currently effective certificate of title has been issued in another state."

6

Here, the district court found that the Freightliner engaged in interstate traffic, and the Alabama certificate was valid. It relied upon the testimony of Sam Heard, Jr., the president and sole stockholder of Heard Family, who testified to the bankruptcy court that the Freightliner made deliveries to Alabama, California, and Florida. Moreover, there existed a certificate of title issued by the State of Alabama, and the court found that there was no evidence that it was invalid. This finding is not clearly erroneous.

Heard Family's main legal argument is that Mississippi precedent mandates that the exclusive means of perfecting a security interest in a motor vehicle is through the Mississippi Motor Vehicle Titles Law. It argues, therefore, that the district court erred in applying the UCC's perfection provisions.

As it forthrightly admitted at oral argument, Heard Family's assertion hinges predominately on one case, *Memphis Bank & Trust Co. v. Pate,* 362 So.2d 1245 (Miss.1978), which involved a truck purchased in Tennessee, where a lienholder perfected a security interest. The truck, however, was sold at a sheriff's sale in Tennessee to a Mississippi resident, who re-sold the truck to a third party in his state. The lienholder later attempted to enforce its security interest, relying upon the conflicts of laws provision of Mississippi's version of the UCC. The Mississippi Supreme Court, however, held that the Mississippi Motor Vehicle Titles Law was the exclusive means for protecting the security interest. *Id.* at 1248. Since no Mississippi title existed, the

7

security interest was not perfected under state law. *Id.* at 1248-49.

Heard Family's reliance upon *Pate* is misplaced. The district court in this case did apply the Mississippi Motor Vehicle Titles Law when it looked to § 63-21-11(d). Under that section, a Mississippi title is not necessary for vehicles engaged in interstate commerce that have valid out-of-state titles.

No such exception applied in *Pate.* Here, this exception makes the chapter and its perfection requirements inapplicable, as they apply only to "vehicles of a type which a certificate of title is required...." § 63-21-43(1). Moreover, the exclusivity provisions of § 63-21-55 is itself limited to those security interests "subject to this chapter."

Heard Family makes a corollary argument that § 63-21-11(d) does not apply, because the Alabama title was not "currently effective," as required by that section, as the address on the title certificate was incorrect. Heard Family cites two sections of Alabama's Uniform Certificate of Title and Antitheft Act, ALA.CODE § 32-8-1 *et seq.* (1994), to support this argument. The first, § 32-8-35(a), requires that "[t]he application for the first certificate of title ... shall contain: ... [t]he name, current residence and mailing address of the owner...." The second, § 32-8-39(a), requires that "[e]ach certificate of title issued by the department shall contain (1) [t]he date issued; [and] (2) [t]he name and current address of the owner...."

A certificate of title in Alabama does not become invalid

simply because the owner's address changes or is incorrect; no section of Alabama's law mandates such a result. Alabama law does require a title holder to notify the state within thirty days when he changes address. § 32-8-2(1). No explicit penalty is provided, however. *But see* § 32-8-13(2) (mandating that willful violation to mail or deliver title within ten days after time set in chapter is a misdemeanor). Moreover, Alabama law makes it a felony to use a "false or fictitious name or address ... in an application for a certificate of title." § 32-8-12(4). It provides a means to revoke erroneously or fraudulently issued titles. § 32-8-49.[3]

By implication, because the law creates a mechanism to invalidate titles, the title must be valid until that process is completed. Notably, Alabama's law also protects the validity of a creditor's security interest even upon the suspension or revocation of title. *Id.* This provision prevents debtors from defeating a creditor's interests by means of the debtor's wrongdoing.[4]

---

[3]This section, in relevant part, states:

> (a) The Department shall suspend or revoke a Certificate of Title, subject to the appeal provisions of Chapter 2A of Title 40, when authorized by any other provision of law, or if it finds:
>
> > 1. The Certificate of Title was fraudulently procured or erroneously issued; or
> >
> > 2. The vehicle has been scrapped, dismantled or destroyed.
>
> (b) suspension or revocation of a Certificate of Title does not, in itself, affect the validity of a security interest noted on it....

[4]The purpose behind requiring the notation of a lien on the face of a certificate of title is to provide notice to third

As the security interest provisions of the Motor Vehicle Titles chapter did not apply to Freightliner because of MISS.CODE ANN. § 63-11(d), the district court properly looked to the provisions of the UCC as codified at MISS.CODE ANN. § 75-9-101 *et seq.* The UCC states in relevant part:

(2) Certificate of Title.

(a) This subsection applies to goods covered by a certificate of title issued under a statute of this state or of another jurisdiction under the law of which indication of a security interest on the certificate is required as a condition of perfection.

(b) Except as otherwise provided in this subsection, perfection and the effect of perfection or nonperfection of the security interest are governed by the law (including the conflict of laws rules) of the jurisdiction issuing the certificate until four (4) months after the goods are removed from that jurisdiction and thereafter until the goods are registered in another jurisdiction, but in any event not beyond surrender of the certificate....

§ 75-9-103(2).

Here, Alabama law governs the perfection of the security interest, because it issued the certificate of title. Under Alabama law, as Heard Family concedes, a security interest in an automobile is perfected by having a valid certificate of title reflecting the existence of the lien and the name of the lienholder. *See* ALA.CODE § 32-8-61. The certificate in question did both. Further, the Freightliner had not yet been registered in Mississippi, and the security interest therefore continued to be in effect. In sum, we hold that the security interest was perfected

___

parties. The invalidity of the debtor's address does not diminish the value of notice of the security interest. *See, e.g., Yampolsky v. White Motor Credit Corp. (In re Angier),* 684 F.2d 397, 399 (6th Cir.1982).

10

and remained so.

### III.

Orix has requested sanctions under FED.R.APP.P. 38 and our local rules. Because we find this appeal was not frivolous, that request is DENIED. Based upon the findings and legal conclusions discussed above, the judgment of the district court is AFFIRMED.