**In re Joel N. DURETTE, Jr., Kimberly A. Durette, Debtors.**

**Martin W. Hoffman, Trustee, Plaintiff,**

v.

**Associates Commercial Corp., Defendant.**

Bankruptcy No. 95–21862.

Adversary No. 97–2098.

United States Bankruptcy Court, D. Connecticut.

Nov. 24, 1998.

Martin W. Hoffman, Walter J. Onacewicz, West Hartford, CT, for trustee-plaintiff.

Christopher J. Hug, Robinson & Cole LLP, Hartford, CT, for defendant.

### RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

#### I.

Martin W. Hoffman, Trustee of the joint Chapter 7 estates of Joel N. Durette, Jr. ("the Debtor") and Kimberly A. Durette, filed a complaint on May 15, 1997 against Associates Commercial Corp., the Defendant, seeking in Count I to avoid the Defendant's asserted security interest in property of the Debtors' estate—a 1994 East Trailer ("the vehicle"), and in Count II to recover $3,278.76 from the Defendant as an alleged preference.

The Defendant, on September 8, 1998, filed a motion for summary judgment, contending that there are no questions of material facts and that it is entitled to judgment as a matter of law. See Fed.R.Bankr.P. 7056. The Trustee objects to the motion on the ground that genuine issues as to material facts exist.

#### II.

The following facts are not in dispute. On or about October 1, 1993, the Debtor purchased the vehicle in Ohio, granting the seller, East Manufacturing Corp., a purchase money security interest subsequently assigned to the Defendant. Although at all relevant times, the Debtor was a resident of Connecticut, and the vehicle was garaged in Connecticut, the Debtor registered and titled the vehicle in Maine because the registration fee was cheaper than in Connecticut. The Defendant perfected his lien under Maine law.[1] The Debtor used the vehicle to haul waste from New York to Connecticut for approximately six months following the purchase; thereafter, the Debtor used the vehicle for hauling demolition materials primarily in Connecticut, but also occasionally in Rhode Island.

On May 19, 1995, the Debtor and his spouse filed a joint Chapter 7 petition. Thereafter, the Debtor reaffirmed his debt to the Defendant, continuing to make payments and operate the vehicle until it was sold in 1996. Following the sale, the Defendant received the proceeds and released its lien.

#### III.

The Trustee seeks to avoid the Defendant's asserted security interest in the vehicle on the grounds that it was not validly perfected under Connecticut law because Connecticut statutes[2] require that a vehicle most frequently garaged in Connecticut be registered in Connecticut. Since the Debtor failed to register the vehicle in Connecticut, the Trustee contends that the Defendant's security interest is invalid.

■ A bankruptcy court applies state law, including its choice of law rules, to determine the validity of a lien. Butner v. United States, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979) ("Property interests are created and defined by state law.... The justifications for the application of state law are not limited to ownership interests; they apply with equal force to security interests."). Section 42a–9–103a(2) of the Connecticut General Statutes declares which jurisdictions's laws govern the creation and perfection of a security interest in a vehicle. That statute provides that perfection of a security interest is determined by "the jurisdiction issuing the certificate [of title] until four months after the goods are removed from that jurisdiction and thereafter until the goods are registered in another jurisdiction, but in any event not beyond surrender of the certificate." Conn. Gen.Stat.Ann. § 42a–9–103a(2) (West 1990).

---

1. The Certificate of Lien issued by the State of Maine, Secretary of State, Motor Vehicle Division, indicates that the lien of Associates Commercial Corp. has been "validly perfected in accordance with Maine law." (Dep.Ex. No. 3.)

2. "Any motor vehicle eligible for commercial registration ... unless exempted under the provisions of section 14–34 [applicable only to vehicles of nonresidents] shall be registered in this state if: (1) It is most frequently garaged in this state, or ...."

Conn.Gen.Stat.Ann. § 14–12a(a) (West Supp. 1998).

The Sixth Circuit Court of Appeals has interpreted a similar provision of Michigan's Uniform Commercial Code ("U.C.C.") in a case involving a fact pattern somewhat analogous to that of the present proceeding. *Uhle v. Parts & Trucks (In re Paige)*, 679 F.2d 601 (6th Cir.1982). In *Paige*, the debtor, a resident of Michigan, had purchased a truck tractor in Indiana, giving the Indiana dealer a purchase money security interest, which the dealer then assigned to Associates Commercial Corp. The debtor, using a false Illinois address, then titled and registered the vehicle in Illinois and received from Illinois a certificate of title indicating the lien. The bankruptcy court held that the U.C.C. provision regarding perfection by recording on a certificate of title applied only where the certificate was issued by the "appropriate" or "proper" state, and that, where the certificate was issued by the improper state based upon the debtor's use of a false address, the provisions requiring filing of a financing statement in the state of the debtor's principal place of business would apply. The Court of Appeals, while acknowledging the bankruptcy court's concern that the debtor may have fraudulently obtained the Illinois certificate of title, held that the lien was validly perfected. The court reasoned that the purpose of the perfection requirements was to provide notice to subsequent creditors that the property was encumbered, and that this purpose was facilitated by requiring that "a potential creditor need look to only one place—the certificate of title—to discover prior security interests." *Id.* at 603.

The Second Circuit Court of Appeals, while it has not reached the issue involved in this proceeding, has indicated its general agreement with the reasoning of *Paige:*

> We reach this result [that a security interest noted on an earlier New Hampshire title remained perfected after the debtor moved to New York, which did not issue a new title] for the reason that it is a reasonable and permissible interpretation of the applicable commercial law and promotes looking "only to one place—the certificate of title—to discover prior security interests." . . . It is the opinion of this Court that the section [U.C.C. 9–103(2)(b) ] continues in force the perfection of a security

interest noted on a foreign certificate of title until a certificate has been issued by another jurisdiction.

*Chrysler Credit Corp. v. Religa (In re Males)*, 999 F.2d 607, 613 (2d Cir.1993) (quoting *Paige* ).

In the present proceeding, the Trustee does not dispute that the vehicle was covered by a Maine certificate of title, and that Defendant's lien was perfected, as required by Maine, by notation on the certificate of title. Me.Rev.Stat. tit. 29–A §§ 701, 702 (West 1996). Maine law, therefore, applies in determining the requirements for the creation and perfection of security interests.

Maine requires neither that the vehicle be located in Maine nor that the registrant have a Maine address. On the contrary, the statute specifically provides for vehicles registered in Maine, but located outside the state. Section 702(5) of title 29–A of the Maine Revised Statutes, dealing with perfection of security interests, provides:

> 5. Vehicles located outside the State and registered in this State. If a vehicle is located outside this State and is not the subject of a valid certificate of title issued by another jurisdiction, upon registration of the vehicle in this State, the provisions of this chapter on perfection of a security interest apply. Notwithstanding Title 11[UCC], Article 9, Part 1, perfection under this subchapter remains valid until:
>
> A. The certificate issued by this State is surrendered for retitling in another jurisdiction; or
>
> B. Registration plates issued by this State are removed from the vehicle, the registration issued by this State is surrendered and the vehicle is reregistered in another jurisdiction.

Me.Rev.Stat. tit. 29–A § 702(5) (West 1996).

The Trustee argues that, since the vehicle was never in Maine, the court should interpret the language of section 42a–9–103a(2)(b) of the Connecticut General Statutes as imposing a "zero" time limit on the continuation of the Maine perfection. Such an interpretation would be contrary to the legislative in-

tent expressed in the Official Comments to the U.C.C.:

> 4. (a) Where the collateral is an automobile or other goods covered by a certificate of title issued by *any* state and the security interest is perfected by notation on the certificate of title, perfection is controlled by the certificate of title rather than by the law of the state wherein the security interest attached
>
> . . . .
>
> (c) The security interest perfected by notation on a certificate of title will be recognized *without limit as to time;* but, of course, perfection by this method ceases if the certificate of title is surrendered (paragraph (2)(b)) ... The section provides that the certificate ceases to control after 4 months following removal *if* reregistration has occurred. . . .

Conn.Gen.Stat.Ann. § 49a–9–103a cmt. 4 (West 1990) (emphasis added).

█ The Trustee further argues that, when the Debtor failed to register the vehicle in Connecticut, the Defendant should have retitled it. However, only an owner may apply for a certificate of title; a lienholder is not empowered to do so. Conn.Gen.Stat. Ann. § 14–171(a) (West 1987). As the Official Comment to the U.C.C. points out, "[o]ne difficulty is that no state's certificate of title law makes any provision by which a foreign security interest may be reperfected in that state, without the cooperation of the owner or other person holding the certificate in temporarily surrendering the certificate." *Id.*

█ An owner's failure to register a vehicle required to be registered in Connecticut is an infraction. *See* Conn.Gen.Stat.Ann. § 14–12a(f) (West 1987). An owner's illegal conduct—not registering to avoid paying fees and taxes in Connecticut—does not, however, unperfect a creditor's otherwise validly perfected lien. *Cf. In Re Friedman,* 4 U.C.C.Rep.Serv. (Callaghan) 890, 1967 WL 8848 (Bankr.D.Conn.1967) (where an owner/debtor failed to reregister a vehicle as required after moving to Connecticut from New Jersey, the lienholder's security interest

noted on the New Jersey certificate of title remained perfected).

█ Vehicle registrations and certificates of title are governed by separate statutes and serve distinct purposes. The purpose of the registration requirements is identification and revenue. *Shea v. Corbett,* 97 Conn. 141, 145, 115 A. 694 (1921). The purpose of requiring that a lien be noted on the certificate of title in order to be perfected is to provide notice to potential purchasers or creditors that the property is encumbered. *Males,* 999 F.2d at 612.

Since the vehicle was never retitled in Connecticut or any state other than Maine, the court finds that the Defendant's security interest remained perfected. Because this conclusion is independent of the facts disputed by the Trustee—namely, the extent and dates of the vehicle's use for the interstate transport of goods—such facts are not material to the question of whether the Defendant held a validly perfected security interest in the vehicle as of the date the bankruptcy petition was filed. As there are, therefore, no material facts in dispute on this issue, the granting of summary judgment in favor of the Defendant with respect to Count I of the Complaint is appropriate.

V.

█ With regard to Count II, whether the instalment loan payments made by the Debtor to the Defendant within the 90 day period prior to the filing of the bankruptcy petition are avoidable by the Trustee, the court finds that disputes exist regarding material facts, making summary judgment inappropriate. The disputed facts include whether the Debtor's payments were made in the ordinary course of business. Insufficient facts have been alleged to determine whether the subjective and objective criteria needed to establish the ordinary course of business defense would be satisfied. "In order to prove the defense, the defendant must show that the transfer was both subjectively and objectively ordinary; that is, the transfer must be proven to have been subjectively ordinary as between the debtor and the transferee and objectively ordinary in the type of business in which the debtor was

engaged.... [T]he general rule [is] that the ordinary course of business defense cannot be determined on a motion for summary judgment." *Moran v. Hong Kong & Shanghai Banking Corp. (In re Deltacorp, Inc.),* 179 B.R. 773, 781 (Bankr.S.D.N.Y.1995).

## VI.

### Conclusion

The Defendant's Motion for Summary Judgment is granted with respect to Count I and denied with respect to Count II. It is

SO ORDERED.