In re Billy and Terry **STINNETT.**

**William S. Meeks, Trustee, Plaintiff,**

v.

**Mercedes–Benz Credit Corporation, Defendant.**

Bankruptcy No. 98–11513S.

United States Bankruptcy Court,
W.D. Arkansas,
El Dorado Division.

Nov. 23, 1999.

Williams S. Meeks, Thomas Streetman, Crossett, AR, for plaintiff.

Charles Coleman, Little Rock, AR, Gregg Parrish, Camden, AR, Sammye L. Taylor, Little Rock, AR, for defendant.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

MARY D. SCOTT, Bankruptcy Judge.

On May 29, 1998, the debtor, an over the road trucker and a life long Arkansas resident, purchased a 1998 Freightliner from Truck Center, Inc., located in Texarkana, Texas. As he had done in the past, he utilized the services of Trux, Inc. to process paperwork, including titling and licensing of the vehicle. He did not direct Trux in any manner but assumed, as had been done in the past, that the title and licensing would be in the State of Oklahoma, a "trucker friendly state." The debtor's Arkansas address appears on the paperwork, including the title. The debtor also has an Oklahoma business address, acquired for him by Trux. The title reflects a lien in favor of Mercedes–Benz Credit Corporation, the entity ultimately handling the financing of the vehicle.

The debtor leased the truck to C & K Trucking, located in Arkansas and operated the vehicle from his residence in Arkansas. The testimony was undisputed that it is common for a truck driver to have operations in multiple states and that many truck owners will title their vehicles in a trucker friendly state, one of which is Oklahoma. In this manner, truck owners attempt to reduce their costs for sales tax and other regulatory fees. The testimony was uncontroverted that the transactions in this case were typical compared to those within the industry.

■ The debtor filed a chapter 7 bankruptcy case on November 13, 1998, after which the trustee filed this adversary proceeding to avoid the lien of Mercedes–Benz. The trustee asserts that since Arkansas law requires registration and licensing of the vehicle in Arkansas, Mercedes–Benz does not hold a valid lien on the truck. The trustee also requests turnover of the vehicle in order that he may liquidate it for the benefit of all creditors. Mercedes–Benz asserts that it's lien is perfected in accord with Oklahoma law such that the lien is valid and, if the lien is otherwise avoidable, the statute may not be enforced because it places an undue burden upon interstate commerce. Of course, state law applies to determine the choice of law issues as well as validity of the lien. *See Butner v. United States,* 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979).

The trustee's causes of action are based upon title 27 of the Arkansas Code, governing transportation. Arkansas law requires that residents of this state register their vehicles in this state. Ark.Code Ann. § 27–14–703, and that any creditor holding a security interest in such a vehicle have its lien noted on the title, Ark.Code Ann. § 27–14–801. Arkansas law further provides for penalty if residents fail to comply with these laws. The failure to comply with this chapter or otherwise properly

register the vehicle is a criminal offense, a misdemeanor. Ark.Code Ann. § 27–14–30, 27–14–701.

Title 27 of the Arkansas Code further establishes a general rule that the validity of a security interest in a vehicle is determined by the law of the jurisdiction where the vehicle was when the security interest attached. Ark.Code Ann. § 27–14–802. This rule is subject to exceptions, however. For example, if the parties understood that the vehicle would be kept in Arkansas and it was brought into Arkansas within thirty days, then the validity of the security interest is determined under Arkansas law. *Id.* at § 27–14–802(b)(1).

These provisions contrast with the Arkansas provision of the commercial code which provides that the validity of the security agreement is generally governed by the law of the state issuing the certificate of title:

> [P]erfection and the effect of nonperfection of the security interests are governed by the law of the jurisdiction issuing the certificate until four (4) months after the goods are removed from that jurisdiction and thereafter until the goods are registered in another jurisdiction, but in any event not beyond surrender of the certificate. After the expiration of that period, the goods are not covered by the certificate of title within the meaning of this section.

Ark.Code Ann. 4–9–103(2)(b).[1] This section serves to continue the perfection of a security interest noted on a foreign certificate of title until a certificate has been issued by another jurisdiction. *Strick Corporation v. Eldo–Craft Boat Co.,* 479 F.Supp. 720, 725 (W.D.Ark.1979) (Harris, J.). Thus, if collateral is a good covered by a certificate of title and the security interest is perfected by notation on the certificate, perfection is controlled by the certificate of title rather than by the law of the state where the security interest at-

tached. *See generally* U.C.C. § 9–103(4)(a) cmt. to 1972 Official Text.

▪ Although these several provisions of Arkansas law may appear to conflict, they can be harmonized, as noted by the district court in *Strick:*

> A harmonious reading of the provisions of [the Arkansas statute] and the Uniform Commercial Code ... clearly demonstrates that it is the intention of the statutes to allow the security interest in a vehicle perfected in a state other than Arkansas by required notation on a certificate of title issued by that state to remain perfected in this state for a period of four (4) months, *and so long thereafter as no certificate of title is issued by this state.*

*Id.* at 726 (emphasis added). *Accord Hoffman v. Associates Commercial Corp. (In re Durette),* 228 B.R. 70, 74 (Bankr. D.Conn.1998).

▪ Since Oklahoma requires that liens be noted on the certificate, and Arkansas choice of law provides that Oklahoma law thus applies, Ark.Code Ann. § 4–9–103(2), Mercedes–Benz' security interest is controlled by Oklahoma law. Under the commercial codes of Oklahoma, Arkansas and Texas, perfection of a security interest in the vehicle is governed by the certificate of title rather than the law of the state wherein the interest attached. 12A Okla. Stat.Ann. § 9–103(2); Ark.Code Ann. § 4–9–103(2); Vernons Tex.Bus. & Com.Code Ann. § 9.103(b). The evidence in this case is that the certificate of title was properly issued in Oklahoma in accord with Oklahoma law, a jurisdiction which permits titling of foreign vehicles in that state. 47 Okla.Stat.Ann. § 1105. Having been properly perfected under Oklahoma law, the security agreement is perfected under Arkansas law.

▪ Section 9–103 applies without regard to the debtor's residence, business address or where the security agreement

---

1. Oklahoma law requires indication of a security interest on the certificate as a require- ment of perfection. 47 Okla.Stat.Ann. § 1110.

attached. It does not matter for purposes of the validity of Mercedes–Benz security interest that the debtor has been a resident of Arkansas at all times. Although, an Arkansas resident has a duty under Arkansas law to seek the issuance of certificates of title in the appropriate forum, the creditor has no obligation to make a filing in another state to perfect or reperfect its security interest. The creditor's interest continues to be perfected despite a resident's failure to comply with registration laws. *See Strick Corporation v. Eldo-Craft Boat Co.,* 479 F.Supp. 720, 725 (W.D.Ark.1979). Indeed, there does not appear to be a statute which compels the owner's, *i.e.,* the debtor's, cooperation in reperfecting in Arkansas at the lien holder's behest. *See generally* U.C.C. § 9–103(4)(e) cmt. to 1972 Official Text. Under Arkansas law, it is the owner the vehicle who must apply for registration and issuance of a certificate of title. Ark.Code Ann. § 27–14–705. Applying the perfection provision as the trustee would assert produces an unjust result because the lien holder cannot impress a lien upon an Arkansas-issued title if there is no Arkansas title in existence. *Cf. Orix Credit Alliance, Inc. v. Heard Family Trucking, Inc.,* 177 B.R. 68, 72 (S.D.Miss.1994), *aff'd,* 41 F.3d 1027 (5th Cir.1995).

The majority of courts similarly hold that the section 9–103 governs the perfection and legal effect of perfection of a security interest despite the co-existence of state statutes requiring registration and licensing in the state of the owners residence or business. *See, e.g. Uhle v. Parts and Trucks (In re Paige),* 679 F.2d 601, 602 (6th Cir.1982); *Orix Credit Alliance, Inc. v. Heard Family Trucking, Inc.,* 177 B.R. 68, 72 (S.D.Miss.1994), *aff'd,* 41 F.3d 1027 (5th Cir.1995); *Associates Commercial Corp. (In re Durette),* 228 B.R. 70, 74 (Bankr.D.Conn.1998). *But see In re Westfall,* 227 B.R. 734 (Bankr.W.D.Mo.1998). The Court believes that the holdings in *Paige, Orix,* and *Durette* constitute the better view. The factual situations are directly on point and, indeed, some of the

registration statutes are virtually identical to the Arkansas statute. For example, in *Paige* and *Durette,* the debtor, a resident of state A purchased the vehicle in state B and had title issued in state C. In these instances, the courts applied the commercial code provision and to upheld the validity of the lien.

■ The ultimate purpose of the Arkansas vehicle registration laws is identification of vehicles and revenue collection. The obligation is upon the Arkansas owner and resident and the penalties for violating these provisions are criminal in nature. In contrast, the purpose of the commercial code is to "promote the uniform recognition of security interests which have been noted on the certificate of title," *Uhle v. Parts and Trucks (In re Paige),* 679 F.2d 601, 602 (6th Cir.1982), *i.e.,* to provide notice to potential purchasers or creditors that the property is encumbered. *Hoffman v. Associates Commercial Corp. (In re Durette),* 228 B.R. 70, 74 (Bankr. D.Conn.1998).

In this case, the security interest was properly noted on a currently effective foreign title and remained effective under Arkansas law—including its provision of the commercial code. Accordingly, the creditor lien holder retained a perfected lien under Oklahoma law and that title, issued by the State of Oklahoma, is entitled to deference by this Court and the laws of the State of Arkansas. The appropriate outcome for debtor's failure to comply with Arkansas state law is not to punish the creditor nor provide a windfall to the general unsecured creditors or others who have proper notice of the security interest. If the state chooses to enforce the relevant provisions of Arkansas law, the appropriate and existing remedies are prosecution of the debtor. It is not for this Court to punish the creditor for the debtor's failure to comply with the law of his state residence. The fact that the debtor may have avoided higher fees or taxes imposed by the State of Arkansas by

registering and titling his vehicles in Oklahoma is of no consequence to the perfection question. *In re Ramey,* 93 B.R. 136, 142 (Bankr.E.D.Tenn.1988).

**ORDERED** that judgment shall be entered in favor of the defendant.

**IT IS SO ORDERED.**