**In re Clara June TROTTER, aka Clara June Loffer, aka Clara June Logan, Debtor.**

No. 00–13546–7.

United States Bankruptcy Court, D. Kansas.

June 15, 2001.

---

**9.** Local Rule 9013–1(6)(a) was renumbered to 9013–1(f)(1) effective January 2001.

Philip J. Bernhart, Coffeyville, Kansas, for Debtor.

. Edward J. Nazar, Redmond & Nazar, L.L.P., Wichita, Kansas, trustee.

## MEMORANDUM OPINION AND ORDER DENYING TRUSTEE'S MOTION TO SELL AND GRANTING CIT GROUP'S MOTION FOR RELIEF FROM STAY

JULIE A. ROBINSON, Bankruptcy Judge.

The Trustee and The CIT Group/Sales Financing, Inc. ("CIT") dispute their respective rights to the Debtor's travel trailer. The Trustee filed a Motion to Sell the trailer; and CIT filed a Motion for Relief from Stay to foreclose its lien on the trailer.[1] Debtor purchased the trailer from a dealer in Oklahoma and titled the vehicle in Oklahoma, although she immediately took the trailer to her residence in Kansas. The dealer assigned its security agreement to CIT; and CIT's lien is noted on the Oklahoma title. Debtor has never titled, registered or licensed the trailer in Kansas, although the trailer has been in Kansas since she purchased it. The Trustee contends that CIT does not have a perfected security interest in the trailer because the trailer was fraudulently registered and titled in Oklahoma and that CIT's interest has not been perfected by notation of its lien on a Kansas certificate of title. The parties submitted this case on stipulations and memoranda of law. The Court concludes that CIT's security interest was duly perfected by notation of its lien on an Oklahoma certificate of title, in accordance with Oklahoma law. And, although the Debtor took the trailer to Kansas and failed to register, license and title the trailer, as Kansas law required, CIT's security interest remained perfected and did not lapse.

### STIPULATED FACTS

On or about August 7, 1998, the Debtor[2] and Jimmie Logan purchased a 1999 Fourwinds TT RV travel trailer from Lewis Travel Trailers, Inc. for $15,537.58. The Logans executed a contract and security agreement in Oklahoma, where this transaction occurred. At the time of the transaction, the Logans were residents of Kansas; and they took the trailer to their residence in Kansas. Debtor is still a resident of Kansas; and the trailer has always been located in Kansas. Nevertheless, the Logans titled the trailer in Oklahoma, by submitting a lien entry form as provided under Oklahoma law. The lien entry form and the Oklahoma certificate of title both reflected the Logans' Kansas address. Lewis Travel Trailers had assigned its security interest to CIT for val-

---

1. On November 27, 2000, the Court granted the Trustee's Motion for Turnover of the travel trailer, which remains in the Trustee's possession.

2. Debtor is now known as Clara June Trotter, but at the time of this transaction, she was apparently known as Clara June Logan and signed that name to the subject documents.

ue; and CIT's lien is duly noted on the Oklahoma title. To date, neither the Debtor nor Jimmie Logan have registered, licensed or titled the trailer in Kansas. Debtor filed a Chapter 7 bankruptcy petition on September 11, 2000. As of November 17, 2000, the unpaid principal balance due and owing CIT was $13,631.86 plus accrued interest of $465.50, plus allowable expenses under § 506, if any. Interest accrues on the principal balance at the rate of 10.5% per annum. Debtor and Jimmie Logan have failed to make payments to CIT as required by the security agreement and are in default under the terms of the security agreement. Although not addressed in the stipulations, the Trustee apparently does not dispute that there is no equity in the trailer. CIT alleges that the trailer has a value of $9500, which is less than the balance due on the note.

## CONCLUSIONS OF LAW

 Did the fact that Debtor lived in Kansas and took the trailer to Kansas, render CIT's perfection under Oklahoma law invalid? Whether CIT's security interest was validly perfected, and the choice of law, Oklahoma or Kansas, that resolves this question, is determined under state law.[3]

Debtor obtained an Oklahoma certificate of title on the trailer; and CIT's lien is noted on this Oklahoma title. Under Oklahoma law, this perfected CIT's lien. Travel trailers are defined as "vehicles" under Oklahoma law;[4] and a security interest in vehicles is generally perfected by notation of a lien on the Oklahoma certificate of title.[5]

The Trustee asserts that CIT's security interest was not properly perfected; that it should have perfected its interest under Kansas law, given that the Logans resided in Kansas and apparently intended to keep the trailer in Kansas. But, Oklahoma law did not preclude CIT from perfecting its security interest in Oklahoma. In fact, the Oklahoma motor vehicle statute allows for the titling of foreign vehicles in that state, so long as the vehicle is inspected in accordance with the statute.[6] In a factually similar case, *In re Stinnett*,[7] the Court concluded that a security interest in a motor vehicle titled and purchased in Oklahoma by an Arkansas debtor, was duly perfected by notation of the lien on the Oklahoma title, because Oklahoma allows the titling of vehicles from other states.

 Generally, Kansas law governs the perfection of security interests in prop-

---

3. *Butner v. United States*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979).

4. Okla.Stat.Ann. tit. 47, § 1102(30) (2000) states that a "Vehicle" means any type of conveyance or device in, upon or by which a person or property is or may be transported from one location to another upon the avenues of public access within the state. "Vehicle" does not include bicycles, trailers except travel trailers and rental trailers . . . .

5. Okla.Stat.Ann. tit. 47, § 1105(B) requires that the owner of every vehicle in Oklahoma possess a certificate of title, except for certain commercial vehicles and trailers engaged in interstate commerce. Okla.Stat.Ann. tit. 47, § 1110 provides that a security interest in

vehicles is perfected only when the following documents are delivered to the Oklahoma Tax Commission or a motor license agent: a lien entry form; the existing certificate of title or an application for title; and the manufacturer's certificate of origin. These documents must contain, inter alia, the name and address of the secured party and the date of the security agreement.

6. Okla.Stat.Ann. tit. 47, § 1105(L) makes an inspection and payment of an inspection fee a prerequisite for the titling of out-of-state vehicles, except for commercial trucks and trailers that are engaged in interstate commerce.

7. 241 B.R. 599, 602–603 (Bankr.W.D.Ark. 1999).

erty located in Kansas. But, given that this trailer, although located in Kansas, is titled in Oklahoma, K.S.A. 84–9–103 dictates that Oklahoma law governs. K.S.A. 84–9–103 states in pertinent part,

> (2)(a) This subsection applies to goods covered by a certificate of title issued under a statute of this state or of another jurisdiction under the law of which indication of a security interest on the certificate is required as a condition of perfection.
>
> (b) Except as otherwise provided in this subsection, perfection and the effect of perfection or nonperfection of the security interest are governed by the law (including the conflict of laws rules) of the jurisdiction issuing the certificate until four months after the goods are removed from that jurisdiction and thereafter until the goods are registered in another jurisdiction, but in any event not beyond surrender of the certificate. After the expiration of that period, the goods are not covered by the certificate of title within the meaning of this section.

Thus, under the provisions of K.S.A. 84–9–103(2)(b), Oklahoma law continued to govern whether CIT had a perfected security interest, until four months after the trailer was moved to Kansas; and thereafter, until the trailer was registered in Kansas or the Oklahoma certificate of title was surrendered. Debtor has never registered or titled the trailer in Kansas, nor has the Oklahoma title ever been surrendered. Thus, under the plain language of K.S.A. 84–9–103(2)(b), Oklahoma law determines whether CIT's security interest is still perfected.

Clearly, the Debtor had an obligation under Kansas law to title, register and license the trailer in Kansas. K.S.A. 8–127(a) requires the owner of a trailer intended to be operated upon any highway in Kansas, to apply for and obtain registration in Kansas. K.S.A. 8–135(c) requires that the owner apply for and obtain a Kansas certificate of title as a prerequisite to obtaining registration and licensing of the vehicle. Failure to comply with these provisions subjects the owner to penalties under K.S.A. 8–135(b).

However, Debtor's failure to comply with her statutory duties, in no way affected CIT's perfected security interest, or caused it to lapse. As the *Stinnett* court noted,

> The majority of courts similarly hold that the section 9–103 governs the perfection and legal effect of perfection of a security interest despite the co-existence of state statutes requiring registration and licensing in the state of the owners residence or business.[8]

■ CIT has no statutory or contractual duty to title the vehicle in Kansas. In fact, CIT had no authority to apply for a Kansas title. The only persons who can apply for a certificate of title in Kansas, are the owner of the vehicle and the owner's authorized agent.[9]

Recognizing that a secured creditor must rely on the debtor's compliance with the titling and registration laws of the new situs of the vehicle, Kansas law does not penalize the secured creditor whose lien is noted on a title issued by another state, for the debtor's noncompliance. The creditor retains its perfected status for four months, or until such time as the debtor gets the vehicle titled and registered in Kansas. In *General Motors Acceptance Corp. v. Rupp*,[10] the Tenth Circuit recog-

---

8. *Id.* at 602 (citations omitted).

9. *See* K.S.A. 8–135(c)(1).

10. 951 F.2d 283, 286 (10th Cir.1991) (citations omitted).

nized that the majority of jurisdictions construing statutes with language similar to K.S.A. 84–9–103(2)(b) "have concluded that registering requires issuance of a certificate of title, not merely the reregistration contemplated for issuance of a vehicle license." In any event, the Debtor in this case has never titled, registered or licensed the trailer in Kansas.

When the debtor gets the vehicle titled in Kansas, presumably the creditor's perfected status will be protected and its lien noted on the Kansas title. K.S.A. 8–135(c)(1) protects the lien holder by requiring that an application for title disclose all liens on the vehicle, and by prohibiting the issuance of a Kansas title unless the lien is released, or the lien holder has consented in writing and its lien will be noted on the Kansas title. But, until the debtor titles the vehicle in Kansas, the creditor retains its perfected status.

As the Court noted in the *Stinnett*[11] decision:

> The appropriate outcome for debtor's failure to comply with Arkansas state law is not to punish the creditor nor provide a windfall to the general unsecured creditors or others who have proper notice of the security interest. If the state chooses to enforce the relevant provisions of Arkansas law, the appropriate and existing remedies are prosecution of the debtor. It is not for this Court to punish the creditor for the debtor's failure to comply with the law of his state residence. The fact that the debtor may have avoided higher fees or taxes imposed by the State of Arkansas by registering and titling his vehicles in Oklahoma is of no consequence to the perfection question.

The Trustee also seems to argue that even if CIT's security interest was validly perfected in Oklahoma, the perfection lapsed after the trailer was moved to Kansas. But this argument is based on an improper reading of K.S.A. 84–9–103. In contrast to K.S.A. 84–9–103(2), which applies to titled vehicles, K.S.A. 84–9–103(3) does not provide the same scope of protection to creditors with security interests in motor vehicles that are not covered by certificates of title. This would include motor vehicles that the debtor holds as equipment or inventory to lease to another. Security interests in these motor vehicles are perfected by filing or possession, not under the titling statute. With respect to these motor vehicles, if the debtor moves the collateral from the original state where it perfected its security interest, the perfection continues for four months, but then lapses if not perfected in accordance with Kansas law, by filing or possession. As a leading commentator notes, when a titled vehicle is moved out of state but not retitled, the security interest remains perfected; but with respect to nontitled equipment, the perfection will lapse after four months. This distinction exists because the UCC incorporates the idea that a security interest perfected by notation on a title has an unlimited duration in time. The debtor cannot mislead third parties prior to obtaining issuance of a new certificate of title.[12] With nontitled property, however, the debtor can more readily mislead third parties. Here, the Debtor's trailer is a titled vehicle, giving CIT the greater protection provided by K.S.A. 84–9–103(2).

The Trustee cites two bankruptcy court

---

11. *In re Stinnett,* 241 B.R. at 602–603 (citation omitted).

12. Barkley Clark, The Law of Secured Transactions Under the Uniform Commercial Code, revised edition, Volume 2 § 12.03[2][a].

decisions in Michigan, *In re Brown*,[13] and *In re Paige*,[14] which followed the *Brown* decision. But the *Paige* decision was overruled by the Sixth Circuit, a holding that effectively overruled the *Brown* decision, as well. The Sixth Circuit held that a security interest in a vehicle is properly perfected by noting the lien on the certificate of title, even if the vehicle is titled in a state with no nexus to the secured transaction.

The Trustee also relies on *In re Westfall*,[15] a case in which a Missouri debtor purchased a truck in Texas and titled it in Oklahoma, a state with no nexus to the debtor or truck, in order to avoid paying sales and personal property taxes. The creditor's lien was noted on the Oklahoma certificate of title. Judge Federman ruled in favor of the trustee, concluding that the security interest was not properly perfected; since its lien was not noted on a title in Missouri, the situs of the debtor and the collateral, nor on a title in Texas, the situs of the truck at the time the security interest attached.

But here, Debtor purchased the trailer in Oklahoma and executed the contract and security agreement in Oklahoma. Thus, the trailer was titled in the location where the security interest attached,[16] and although the Debtor resided in Kansas, Oklahoma law allowed for the titling of this trailer in Oklahoma. Judge Federman noted that in *Westfall* it would have been a

valid perfection, had the lien been noted on a Texas title, since that was the situs of the vehicle at the time of perfection.

█ Because CIT has a validly perfected security interest, the Debtor is in default and there is no equity in the trailer, the Court grants CIT's motion for relief from stay and denies the Trustee's motion to sell.

**IT IS THEREFORE ORDERED BY THE COURT** that the Motion for Relief From Stay filed by The CIT Group/Sales Financing, Inc. shall be GRANTED.

**IT IS FURTHER ORDERED BY THE COURT** that the Trustee's Motion to Sell shall be DENIED.

This Memorandum shall constitute findings of fact and conclusions of law under Rule 7052 of the Federal Rules of Bankruptcy Procedure and Rule 52(a) of the Federal Rules of Civil Procedure. A judgment based on this ruling will be entered on a separate document as required by Rule 9021 of the Federal Rules of Bankruptcy Procedure and Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

---

**13.** 1968 WL 9241, 5 UCC Rep.Serv. 401 (Bankr.W.D.Mich.1968).

**14.** 3 B.R. 115 (Bankr.W.D.Mich.1980), *rev'd, Uhle v. Parts and Trucks (In re Paige),* 679 F.2d 601 (6th Cir.1982).

**15.** 227 B.R. 734 (Bankr.W.D.Mo.1998).

**16.** Under Okla.Stat.Ann. tit. 12A, § 9–203(1) a security interest attaches when the debtor has signed a security agreement describing the collateral, value has been given, and the debtor has rights in the collateral. All of these events occurred in Oklahoma.