[Civ. No. 8871.   Fourth Dist., Div. One.   Sept. 24, 1968.]

MORRIS PLAN COMPANY OF CALIFORNIA, Plaintiff and Appellant, v. ROBERT K. MOODY et al., Defendants and Respondents.

Styskal, Wiese & Colman and Alan M. Mund for Plaintiff and Appellant.

Fidel Schmitz, Westover & Currey and William H. Westover for Defendants and Respondents.

BROWN (Gerald), P. J.—Plaintiff, The Morris Plan Com-

pany of California, appeals from a take nothing judgment in its action to quiet title to three automobiles.

On October 29, 1965, Clyde C. Johnson and Richard A. Johnson, dba Johnson & Son, delivered a 1960 Mercury and a 1961 Mercury to Robert K. Moody and Janet Moody, dba Royal Motors, in exchange for Moody's draft on his bank to be presented to the bank with the vehicles' title certificates. On November 5, 1965. Moody sold his interest in the 1961 Mercury to John A. Mestmacher. On November 21, 1965, Moody sold his interest in the 1960 Mercury to John N. Fish, Jr. On November 26, 1965, Frank Reiman Pontiac, dba Reiman-Turpin Pontiac, delivered a 1962 Cadillac to Moody on the same terms as the Johnson deal. On November 28, 1965, Moody sold his interest in the 1962 Cadillac to Robert E. Boyer. Moody's sales to Mestmacher, Fish and Boyer were by conditional sales contracts. Under a long existing financing arrangement it had with Moody, plaintiff purchased the three conditional sales contracts. Moody's bank dishonored his drafts when presented by Johnson & Son and Reiman. Johnson & Son and Reiman kept the title certificates. They did not deliver or mail to the Department of Motor Vehicles any documents to transfer registration of the cars.

The trial court determined title to the vehicles remained in Johnson & Son and Reiman because title never passed from them to Moody. This result necessarily follows from Vehicle Code, section 5600: "No transfer of the title or any interest in or to a vehicle registered under this code shall pass, and any attempted transfer shall not be effective, until the parties thereto have fulfilled either of the following requirements: (a) The transferor has made proper endorsement and delivery of the certificate of ownership and delivery of the registration card to the transferee as provided in this code . . . (b) The transferor has delivered to the department or has placed in the United States mail addressed to the department the appropriate documents for the registration or transfer of registration of the vehicle . . ." Plaintiff's contentions are based in part on Commercial Code, section 2403: "(1) A purchaser of goods acquires all title which his transferor had or had power to transfer except that a purchaser of a limited interest acquires rights only to the extent of the interest purchased. A person with voidable title has power to transfer a good title to a good faith purchaser for value. When goods have been delivered under a transaction of purchase the purchaser has such power even though . . . (b) The delivery was in exchange for a check which is later dishonored. . . ." Plaintiff

asserts nothing in the legislative history indicates, vehicles are removed from the operation of Commercial Code, section 2403.

Commercial Code, section 2403 is part of division 2 of the Commercial Code. The scope of division 2 is defined in section 2102: "Unless the context otherwise requires, this division applies to transactions in goods; it does not apply to any transaction which although in the form of an unconditional contract to sell or present sale is intended to operate only as a security transaction nor does this division impair or repeal any statute regulating sales to consumers, farmers or other specified classes of buyers." The California Code Comment to section 2102 instructs: "This section would also exclude certain special statutes pertaining to sales to unique groups of buyers; for example, the provisions of the Vehicle Code relating to sale of and recording of sale of motor vehicles."

Sections 6300-6301 of the Vehicle Code provide a security interest in a vehicle is not perfected until the secured party has deposited with the Department of Motor Vehicles, a properly endorsed certificate of ownership showing the secured party as legal owner. When the security interest has been so perfected the rights of all persons shall be subject to the provisions of the Uniform Commercial Code. The exclusiveness of the Vehicle Code registration and transfer requirements for perfection of security interests is likewise provided for under Commercial Code, section 9103, subdivision (4).

By taking an assignment of the three conditional sales contracts from Moody, plaintiff purchased security interests which had not been perfected in the manner required by the Vehicle Code. Until the security interests were perfected, the provisions of the Commercial Code relied upon by plaintiff did not apply.

Plaintiff also argues Johnson & Son and Reiman are estopped from asserting Moody's lack of title. In substance, plaintiff contends Johnson & Son and Reiman delivered vehicles to Moody, causing plaintiff to believe Moody could pass title and had authority to sell. The trial court found, however, plaintiff knew or should have known Moody did not have the certificates of ownership necessary for him to pass title. This finding is supported by substantial evidence and negates estoppel. Johnson & Son and Reiman neither transferred the title certificates, nor did they deliver or mail to the Department of Motor Vehicles any documents to transfer registration of the cars, a necessary element of sale.

Judgment affirmed.

Coughlin, J., and Whelan, J., concurred.