[Civ. No. 38986. Second Dist., Div. Four. Apr. 24, 1972.]

WESTERN BOARD OF ADJUSTERS, INC., Plaintiff and Appellant, v. NEWPORT MOTOR YACHTS, INC., et al., Defendants; SANTIAGO COMMERCIAL BANK, Third Party Claimant and Respondent.

**COUNSEL**

Barnard F. Klein for Plaintiff and Appellant.

Cohen, Oster & Millard and Melvin F. Cohen for Third Party Claimant and Respondent.

No appearance for Defendants.

**OPINION**

**JEFFERSON, J.**—Western Board of Adjusters, Inc. (hereinafter referred to as Western), appeals from an order of the trial court determining that the interest of third party claimant Santiago Commercial Bank (hereinafter

referred to as Santiago) in and to one Mercedes Benz automobile is superior to that of Western as a levying judgment creditor.

Western, as judgment creditor of Joseph Stephens, on Monday, December 28, 1970, levied on a 1968 Mercedes Benz automobile (hereinafter referred to as the Mercedes) which was registered prior to October 1970, in the name of Joseph Stephens with Newport National Bank (hereinafter referred to as Newport) as legal owner. Santiago filed a third party claim and requested a hearing. Both sides complied with Code of Civil Procedure section 689. The trial court, after a hearing on the opposing claims, sustained Santiago's security interest.

█ Western contends on this appeal that the trial court's determination was in error since the security interest held by Newport had not, at the time of the levy, been validly assigned to Santiago. This contention lacks merit.

Sometime shortly before October 4, 1970, Joseph Stephens executed a document purporting to transfer his interest in the Mercedes to Joseph Stephens Yachts of Newport, Inc. (hereinafter referred to as Yachts). Stephens did this because the vehicle registration certificate was in the possession of Newport, which held a security interest in the automobile, and Stephens was unable to make the payments on his automobile loan. Although Yachts bore Joseph Stephens' name, the company was owned by two doctors and Stephens held no stock in the corporation. After the date of the purported transfer of ownership in the automobile, the company made the car payments to Newport. The Mercedes thereafter was mainly used by one of the principals in the corporation, Dr. Stephen Dorn, and Stephens had access to it only for occasional use. Stephens, a licensed yacht broker, acted as broker in residence for Yachts on a commission basis.

Because the principals in Yachts had a commitment with Santiago to conduct all their financing with the bank, Yachts on December 2, 1970, executed a note and security agreement with respect to the Mercedes in favor of Santiago. Accordingly, Santiago on December 3, 1970, sent to Newport a cashier's check for the total balance due on the automobile loan and a payoff authorization signed by Joseph Stephens dated December 2, 1970. Sometime in early December 1970, Joseph Stephens also executed and gave to Santiago a blank power of attorney to be used to facilitate the transfer of the certificate of ownership in the automobile.

On December 16, 1970, Newport as legal owner executed the vehicle registration certificate and delivered it to Santiago, thus assigning legal ownership. In this way the perfected security interest in the Mercedes which Newport held prior to October 1970 was assigned to Santiago and Newport

accepted Santiago's payment in full satisfaction of Joseph Stephens' individual debt.

On December 28, 1970, the Mercedes was impounded by the marshal on the writ of execution which Western had caused to be issued on the judgment they held against Joseph Stephens and others. Joseph Stephens testified that he had directed the mechanic from the Mercedes garage to inspect the automobile for smog device certification, but the marshal's place of storage denied the mechanic entrance since he arrived after the car was impounded. On Tuesday, December 29, 1970, Santiago forwarded to the Department of Motor Vehicles the sum of $68 together with all certificates, transfer fees and ownership certificates, but without the smog control device certification.

The trial court properly sustained the third party claim of Santiago on its determination that, pursuant to the applicable statutory provisions, Santiago stood in the shoes of Newport with respect to the already perfected and existing security interest in the Mercedes which was assigned at a time when Joseph Stephens had done everything in his power to effect a transfer of registration to Yachts.

Section 5908 of the Vehicle Code provides: "The transferee of a security interest in a registered vehicle need not make application for a transfer of registration when the interest of such transferee arises from a transfer of a security agreement . . . by the legal owner to the transferee to secure payment or performance of an obligation, and the Uniform Commercial Code shall exclusively control the validity and perfection of such a security interest."

Western contends that there was no valid transfer of registration pursuant to the terms of section 5600 of the Vehicle Code when Joseph Stephens purported to execute a document with intention to pass title to Yachts in October 1970, because the transferor is required to make "proper endorsement and delivery of the certificate of ownership and delivery of the registration card to the transferee" who must then make proper application for transfer of registration. Assuming that this is true, it is immaterial because Stephens later executed a power of attorney for the use of Santiago in completing the transaction at such time as it should obtain the essential registration certificate from Newport. It is the transfer of the security interest in December 1970, which controls the validity of Santiago's third party claim, and this is governed by Vehicle Code section 5908.

It is undisputed that Newport possessed a perfected security interest in the Mercedes at the date when it received Santiago's request for assign-

ment of that interest (Veh. Code, §§ 6300-6303; *Morris Plan Co.* v. *Moody,* 266 Cal.App.2d 28 [72 Cal.Rptr. 123]). Accordingly, Commercial Code section 9302, subdivision (2) applies to the transaction; this section provides "If a secured party assigns a perfected security interest, no filing . . . is required in order to continue the perfected status of the security interest against creditors of and transferees from the original debtor."

Western mistakenly contends that section 9301 of the Commercial Code controls the priorities as between Western and Santiago, and that Santiago failed to perfect its security interest in the 10-day period therein provided.

The lien creditor erroneously assumes that Santiago's security interest was unperfected.

The judgment is affirmed.

Files, P. J., and Dunn, J., concurred.