**In re Bobby Eugene FEWELL.**

**Beal Bank, S.S.B., Movant,**

v.

**Bobby Eugene Fewell, Debtor,**

**and**

**United States Trustee, Respondent.**

**No. 1:05–bk–16663E.**

United States Bankruptcy Court,
E.D. Arkansas,
Batesville Division.

Oct. 5, 2006.

James F. Dowden, Little Rock, AR, for Debtor.

Phyllis McKenzie, Grant Fortson, Little Rock, AR, for Beal Bank.

Michael Johns, Little Rock, AR, for Committee.

## ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND FOR ABANDONMENT OF COLLATERAL

AUDREY R. EVANS, Bankruptcy Judge.

Pending before the Court is the *Motion for Relief from the Automatic Stay and for Abandonment of Collateral* (the "**Motion for Relief**") filed on behalf of Beal Bank, SSB ("**Beal Bank**") on June 26, 2006. On July 6, 2006, the Debtor filed a *Response to Motion for Relief* and the Unsecured Creditors Committee ("**Committee**") filed an *Objection to the Motion*

of Beal Bank for Relief from the Automatic Stay and for Abandonment of Collateral* (the "**Objection**").[1] Beal Bank filed a *Reply to the Debtor's Response to Motion for Relief from the Automatic Stay and for Abandonment of Collateral and to Objection of the Unsecured Creditors Committee* (the "**Reply**") on August 10, 2006. The Motion for Relief was heard on August 15, 2006, and the parties submitted *Stipulations of Beal Bank, S.S.B., The Debtor and the Unsecured Creditors Committee Concerning Beal Bank's Motion for Relief from the Automatic Stay and for Abandonment of Collateral and Objections Thereto* (the "**Joint Stipulation**") after oral argument. The Court took the matter under advisement. James F. Dowden appeared on behalf of the Debtor, Grant E. Fortson appeared on behalf of Beal Bank, and Michael R. Johns appeared on behalf of the Committee. The Court has reviewed the parties' stipulated facts, pleadings, and briefs, and grants Beal Bank's Motion for Relief for the reasons set forth in this Order. This is a core proceeding under 28 U.S.C. § 157(b)(2)(G), and the Court has jurisdiction to enter a final judgment in this case.

## FACTS

The parties' stipulated facts are as follows:

1. Beal Bank, SSB ("**Beal Bank**") is the holder of a claim against the Estate that arises by virtue of various personal guarantees entered into by the Debtor Bobby Eugene Fewell ("**Debtor**") guaranteeing the prompt and punctual payment and performance of all sums owing by Pro Transportation, Inc. ("**Pro Transportation**") under a certain Note payable to

---

1. The Debtor filed a *Motion to Adopt* the Committee's Objection to the Motion, which was granted by the Court on August 16, 2006.

Beal Bank, as assignee of U.S. Bank, N.A. ("**U.S.Bank**") (successor by merger to Mercantile Bank of Arkansas ("**Mercantile Bank**") and Firstar Bank, N.A. ("**Firstar Bank**")).

2. On July 26, 1999, Pro Transportation executed a Fixed Rate Commercial Promissory Note (the "**Note**") in favor of Mercantile Bank in the original principal sum of Nine Hundred Sixty–Two Thousand Seven Hundred Eighty–Three and 33/100 Dollars ($962,783.33). The Note was secured by a mortgage on certain property located in Pulaski County, Arkansas.

3. The Debtor personally guaranteed the prompt and punctual payment and performance of all sums owing by Pro Transportation to Mercantile Bank and its successors. The Debtor's personal guaranties of Pro Transportation's obligations are memorialized in the various agreements (referred to collectively as the "**Guaranties**") attached to the Joint Stipulation.

4. On or about October 26, 2000, the Debtor executed a Collateral Pledge Agreement (the "**Pledge Agreement**"), whereby the Debtor granted Firstar bank (successor by name change to Mercantile Bank) a security interest in a certificate of deposit in the principal amount of $200,000.00 (the "**Certificate of Deposit**") then held by Firstar Bank in the name of the Debtor. A copy of the Pledge Agreement was attached as Exhibit 7 to the parties' Joint Stipulation.

5. The Collateral Pledge Agreement granted Firstar Bank a security interest in the Certificate of Deposit to secure all obligations of the Debtor to Firstar Bank, including the obligations of the Debtor under the Guaranties.

6. U.S. Bank is the successor by merger to Firstar Bank and Mercantile Bank.

7. In June 2004, Beal Bank acquired the Note, and all related security interests, including the Guaranties and the Pledge Agreement, from U.S. Bank, pursuant to an Asset Sale Agreement dated June 10, 2004. A copy of the Asset Sale Agreement was attached as Exhibit 8 to the parties' Joint Stipulation.

8. On or about June 18, 2004, U.S. Bank assigned to Beal Bank all rights, title and interests to the Note and all security interests securing the Note, including the Guaranties and the Pledge Agreement. A copy of the Bill of Sale was attached as Exhibit 9 to the parties' Joint Stipulation.

9. At the time that U.S. Bank assigned the Note, the Guaranties and the Pledge Agreement to Beal Bank, U.S. Bank held a perfected security interest in the Certificate of Deposit securing the Debtor's obligations under the Guaranties.

10. Pro Transportation defaulted under the Note.

11. On August 11, 2005, Beal Bank obtained a judgment against Pro Transportation in the Circuit Court of Pulaski County, Thirteenth Division, in the amount of $966,583.81.

12. The sum of $781,081.21 was credited against the judgment following the foreclosure of the mortgage and sale of the mortgaged property on September 8, 2005.

13. After crediting the foreclosure sale proceeds against the judgment, Pro Transportation is indebted to Beal Bank in the amount of $213,911.99 as of July 31, 2006, with interest accruing at a daily per diem of $44.59.

14. By virtue of the Guaranties, the Debtor is obligated to pay Beal Bank the sum remaining payable by Pro Transportation under the judgment.

15. The Debtor's payment of the sums owed to Beal Bank under the Guaranties is secured by the security interest in the Certificate of Deposit.

16. The Certificate of Deposit is a "deposit account" as defined in Ark.Code Ann. § 4–9–102(29).

17. At all times prior to the assignment of the Note, the Guaranties and the Pledge Agreement to Beal Bank, U.S. Bank, or its predecessor in interest, was the holder of the Note, the Guaranties and the Pledge Agreement.

18. At all times prior to the assignment of the Note, the Guaranties and the Pledge Agreement to Beal Bank, U.S. Bank has been the bank with which the Certificate of Deposit has been maintained and U.S. Bank has had continuous custody and control of the Certificate of Deposit.

19. U.S. Bank has been in continuous custody and control of the Certificate of Deposit from the date that the Note, the Guaranties and the Pledge Agreement were assigned to Beal Bank through present.

20. At no time did U.S. Bank authenticate a record acknowledging that it held the subject Certificate of Deposit for Beal Banks' benefit.

21. If the Court finds that Beal Bank has a perfected security interest in the Certificate of Deposit, the Debtor has little or no equity in the Certificate of Deposit.

22. If the Court finds that Beal Bank has a perfected security interest in the Certificate of Deposit, the Certificate of Deposit is not necessary to an effective reorganization.

### ANALYSIS

The parties have stipulated that U.S. Bank held a perfected security interest in the Certificate of Deposit prior to its assignment of the Note, Guaranties, and the Pledge Agreement, to Beal Bank. (Stip. ¶ 9). It is undisputed that Beal Bank acquired the rights to the Note, Guaranties, and the Pledge Agreement, and that these rights were secured by the Certificate of Deposit. (Stip. ¶ 7, 15). Furthermore, the parties stipulated that U.S. Bank has maintained custody and control of the Certificate of Deposit from the date of assignment through present. (Stip. ¶ 19). Thus, the sole issue to be resolved by the Court is whether Beal Bank has a perfected security interest in the Certificate of Deposit. In the event the Court finds that Beal Bank has a perfected security interest, the parties stipulated that the Debtor will have little or no equity in the Certificate of Deposit and it will no longer be necessary to an effective reorganization. (Stip. ¶ 21–22). Therefore, Beal Bank is entitled to relief from the automatic stay if the Court finds that its security interest is perfected.

It is Beal Bank's position that, when it took an assignment of the Note and collateral (including the Certificate of Deposit) from U.S. Bank, its security interest remained perfected as U.S. Bank's assignee. The Debtor and the Committee assert that Beal Bank failed to perfect an interest in the Certificate of Deposit because it did not obtain "control" as defined by Ark. Code Ann. § 4–9–104. For the reasons set forth below, the Court agrees with Beal Bank that its security interest in the Certificate of Deposit was properly perfected, and accordingly, grants Beal Bank's Motion for Relief.

 The parties have stipulated that the Certificate of Deposit is a "deposit account" as defined by Ark.Code Ann. § 4–9–102(29).[2] (Stip. ¶ 16). Generally, a financing statement must be filed to perfect a security interest; however, a financing statement is not necessary to perfect a

---

**2.** "Deposit account" is defined as "a demand, time, savings, passbook, or similar account maintained with a bank .... [but] does not include investment property or accounts evidenced by an instrument." Ark.Code Ann. § 4–9–102(29).

security interest in a deposit account. Ark.Code Ann. § 4–9–310(a), (b)(8). In fact, pursuant to § 4–9–312(b)(1), "a security interest in a deposit account may be perfected only by control...." Under Ark. Code Ann. § 4–9–314, a party may perfect a security interest in a deposit account by satisfying the definition of "control" as defined in § 4–9–104, and "remains perfected by control only while the secured party retains control." Ark.Code Ann. § 4–9–314(a)–(b). "Control" is defined as follows:

(a) A secured party has control of a deposit account if:

(1) the secured party is the bank with which the deposit account is maintained;

(2) the debtor, secured party, and bank have agreed in an authenticated record that the bank will comply with instructions originated by the secured party directing disposition of the funds in the deposit account without further consent by the debtor; or

(3) the secured party becomes the bank's customer with respect to the deposit account.

Ark.Code Ann. § 4–9–104(a). The assignment of a perfected security interest is governed by Ark.Code Ann. § 4–9–310(c), which provides that:

If a secured party assigns a perfected security interest ..., a filing under this chapter is not required to continue the perfected status of the security interest against creditors of and transferees from the original debtor.

Ark.Code Ann. § 4–9–104(c). Although subsection (c) addresses when an additional filing will not be required for perfection, comment 4 states that "[s]ubsection (c) applies not only to an assignment of a security interest perfected by filing but also to an assignment of a security interest perfected by a method other than by filing, such as by *control* or by possession." Ark. Code Ann. § 4–9–310, cmt. 4 (emphasis added).[3] The security interest will remain perfected as against creditors and transferees of the original debtor, but additional action will be required for perfection against creditors and transferees of the assignor. *Id.* In the present case, Beal Bank sought to enforce its security interest against the original debtor, and thus, Beal Bank argues it remained perfected pursuant to Ark.Code Ann. § 4–9–310(c), cmt. 4.

The Debtor and the Committee argue that perfection under Ark.Code Ann. § 4–9–104 and 4–9–313 require either actual possession of the account or, if the account is in possession of a party other than the debtor, perfection requires control. This argument is misplaced. Ark.Code Ann. § 4–9–313(a) provides that "a secured party may perfect a security interest in negotiable documents, goods, instruments, money, or tangible chattel paper by taking possession of the collateral." However, comment 2 clarifies that possession will not be permitted to perfect a security interest in a deposit account. Ark.Code Ann. § 4–9–313, cmt. 2. The parties stipulated that the Certificate of Deposit was a deposit account (Stip. ¶ 16), thus, excluding the applicability of Ark.Code Ann. § 4–9–313.

The Debtor and Committee also argue that Beal Bank's interpretation of Ark. Code Ann. § 4–9–310(c), including comment 4, would create a statutory exception in direct conflict with Ark.Code Ann. § 4–9–313 and the actual text of the Arkansas Code. As stated above, Ark Code Ann.

---

3. Comment 4 provides an example of a security interest perfected by possession, stating that "as long as possession of collateral is maintained by an assignee or *by the assignor* or another person on behalf of the assignee, no further perfection steps need be taken on account of the assignment to continue perfection as against creditors and transferees of the original debtor." Ark.Code Ann. § 4–9–310, cmt. 4 (emphasis added).

§ 4–9–313 is not applicable to deposit accounts, and, therefore, Beal Bank's interpretation of Ark.Code Ann. § 4–9–310(c) and the comments would not create a statutory exception in direct conflict with Ark. Code Ann. § 4–9–313. In addition, none of the statutes governing the perfection of a security interest in a deposit account, i.e., Ark.Code Ann. §§ 4–9–312, 314, or 104, expressly address the impact of its assignment; and, therefore, Ark.Code Ann. § 4–9–310 comment 4 does not directly conflict with the actual text of the Arkansas Code.

Neither party cited an Arkansas case governing the effect of an assignment on the perfection of security interest in deposit accounts, but at least one court has addressed the issue. *See In re Verus Investment Mgmt., L.L.C.*, 344 B.R. 536 (Bankr.N.D. OH 2006). In that case, under a similar statute, the court held that an assignee of a security interest in a deposit account will remain perfected so long as the assignor held the properly perfected security interest. *Id.* at 546 (citing UCC 9–310, comment 4).

■ For the foregoing reasons, the Court finds that Beal Bank has a perfected security interest in the Certificate of Deposit under Ark.Code Ann. § 4–9–310(c). U.S. Bank properly perfected a security interest in the Certificate of Deposit, and Beal Bank holds its security interest in the Certificate of Deposit by assignment from U.S. Bank. (Stip. ¶ 7,9, & 15). U.S. Bank held its perfected security interest in the Certificate of Deposit prior to its assignment in June 2004, and it has maintained custody and control of the Certificate of Deposit from the date of the assignment to present. (Stip. ¶ 18–19). Pursuant to Ark.Code Ann. § 4–9–310(c), a properly perfected security interest that is assigned to a third-party will remain perfected against the creditors and transferees of the original debtor. Subsection 310(c) applies to deposit accounts. *See* Ark.Code Ann. § 4–9–310, cmt. 4. Accordingly, pursuant to Ark.Code Ann. § 4–9–310(c), Beal Bank acquired a perfected security interest in the Certificate of Deposit through U.S. Bank's assignment of the perfected security interest.

### *CONCLUSION*

For the reasons described herein, it is hereby

**ORDERED** that the *Motion for Relief from the Automatic Stay and for Abandonment of Collateral* is **GRANTED.**

**IT IS SO ORDERED.**