In re David Earl JOHNSON and Susan Kay Johnson, Debtors.

No. 4:06–bk–14408M.

United States Bankruptcy Court, E.D. Arkansas, Little Rock Division.

June 29, 2009.

John Alexander Flynn, Flynn Law Firm, Cabot, AR, for Debtors.

Richard L. Cox, Richard Cox, P.A., Hot Springs, AR, Thomas S. Streetman, Streetman & Meeks, PLLC, Crossett, AR, for Trustee.

## ORDER

JAMES G. MIXON, Bankruptcy Judge.

On October 2, 2006, David and Susan Johnson (Debtors) filed a voluntary petition for relief under the provisions of Chapter 13 of the United States Bankruptcy Code. On August 4, 2008, the case was converted to Chapter 7 and Richard L. Cox was appointed the Chapter 7 Trustee.

On September 18, 2008, Roswell Properties, LLC, Ltd. (Roswell) filed a motion for relief from the stay and abandonment. Roswell claims to have, by assignment, a perfected security interest in a recreational vehicle which is alleged to be property of the estate. The motion alleges that the unpaid balance of the note is $65,115.15, that the Debtors are in default under the terms of the note, and that there is no equity in the vehicle. On September 18, 2008, the Trustee filed an objection to the motion for relief from the automatic stay on the grounds that Roswell did not hold a perfected lien in the vehicle in compliance with Arkansas law.

A hearing was conducted on April 8, 2009, after which the matter was taken under advisement. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G), and the Court has jurisdiction to enter a final judgment in this case.

## I. FACTS

The facts are not in dispute. The Debtors purchased a 2003 Ford recreational vehicle with a loan of $74,491.81 from Key Bank (Key Bank) in Brooklyn, Ohio. The Debtors still have possession of the vehicle. The Debtors executed a combination consumer note and security agreement which granted a lien to Key Bank. Key Bank properly perfected its lien in the vehicle by causing the existence of the lien to be placed on the face of the Arkansas title which was issued September 27, 2003. Thereafter, apparently the note and security agreement were assigned to Leham Brothers Bank, FSB, which subsequently assigned the interest to Cadlerock Joint Venture, LP, which subsequently assigned

the interest to Roswell. The note is now apparently in the possession of Roswell, although the title still bears the notice of Key Bank's lien.[1] Roswell's name does not appear on the title. The evidence is undisputed that if the lien is valid, no equity exists in the vehicle.

## II. ARGUMENT

The Trustee argues that an assignee of a lien in a vehicle must be noted on the vehicle's certificate of title in compliance with Arkansas Code Annotated § 27–14–908 in order to be perfected.

Roswell argues that pursuant to Arkansas Code Annotated § 4–9–310(c), Roswell is perfected because a perfected security interest in a vehicle remains perfected when it is assigned.

## III. DISCUSSION

Article 9 of the Uniform Commercial Code (UCC), adopted by the General Assembly with few changes, governs "Secured Transactions" involving personal property or fixtures. Arkansas Code Annotated § 27–14–101 et seq., also known as the Uniform Motor Vehicle Administration, Certificate of Title, and Antitheft Act (The Certificate of Title Act), governs the perfection of security interest in vehicles required to be registered. See Ark.Code Ann. §§ 4–9–303(c) (Repl.2008).

A basic rule of statutory construction is that provisions should be reconciled to make them consistent and harmonious. *Weiss v. Maples,* 369 Ark. 282, 285, 253 S.W.3d 907, 911 (Ark.2007). Spe-

---

1. Roswell never proved it had a valid assignment because the purported assignment documents were excluded from evidence upon objection by the Trustee on the basis they were hearsay. However, the Trustee does not dispute in his brief that Roswell is an assignee of the note and the security agreement in question. The title was introduced without objection. The title shows a valid lien in favor of Key Bank. There is no evidence that Key Bank ever released this lien.

cifically, the Arkansas Supreme Court has stated:

> When construing a statute we compare it with other statutes on the same general subject matter and if possible reconcile them. *Sargent v. Cole,* 269 Ark. 121, 598 S.W.2d 749 (1980). All acts passed upon the same subject matter should be construed together and made to stand if capable of being reconciled. *Vandiver v. Washington County,* 274 Ark. 561, 628 S.W.2d 1 (1982).

*HMO Arkansas, Inc. v. Dunn,* 310 Ark. 762, 765, 840 S.W.2d 804, 806 (1992).

Arkansas Code Annotated § 27–14–801 specifically provides that no lien or encumbrance is valid "until the requirements of this sub-chapter have been met." Therefore, it is essential to thoroughly analyze subchapter 8, entitled "Liens and Encumbrances." A lien in a vehicle is properly perfected when the lien is placed on the face of the certificate of title.[2] Ark.Code Ann. § 27–14–806. Arkansas Code Annotated § 27–14–807 provides that "[t]he methods provided in this subchapter of giving constructive notice of a lien or encumbrance upon a registered vehicle shall be exclusive . . . ."

Ark.Code Ann. § 27–14–908 provides as follows:

> (a) Any person holding a lien or encumbrance upon a vehicle, other than a lien dependent solely upon possession, may assign his or her title or interest in or to the vehicle to a person other than the owner without the consent of the owner, and without affecting the interest of the owner or the registration of the vehicle, but in such event, he or she shall give to the owner a written notice of assignment.
>
> (b) The Office of Motor Vehicle, upon receiving a certificate of title assigned by the holder of a lien or encumbrance shown thereon and giving the name and address of the assignee, shall issue *a new certificate of title* as upon an original application. (Emphasis added.)

Arkansas Code Annotated § 27–14–805 addresses the issuance of a new certificate of title and provides:

> (a) The filing and issuance of a new certificate of title as provided in this chapter shall constitute constructive notice of all liens and encumbrances against the vehicle described therein to creditors of the owner, subsequent purchasers, and encumbrancers, except those liens as may be authorized by law dependent upon possession.
>
> (b)(1) In the event the documents referred to in § 27–14–802 are received and filed in the Office of Motor Vehicle within thirty (30) days after the date the documents were executed, the lien is deemed to have been perfected on the date of the execution of the documents.

Arkansas Code Annotated § 4–9–310(c) provides that a properly perfected security interests that is assigned to a third party will remain perfected against the creditors and transferees of the original debtor.[3] Official Comment No. 4 to 9–310(c) provides:

> Subsection (c) concerns assignment of a perfected security interest or agricultural lien. It provides that no filing is necessary in connection with an assignment by a secured party to an assignee

---

**2.** A lien holder may also properly perfect by recording the lien on the manufacturer's statement of origin. See Ark.Code Ann. § 27–14–806. This alternative method is not in issue.

**3.** Roswell cites to *Beal Bank S.S.B. v. Fewell (In re Fewell),* 352 B.R. 98 (Bankr.E.D.Ark. 2006). However, *Fewell* concerned a security interest in a deposit account and is not on point.

in order to maintain perfection as against creditors and transferees from the original debtor....

Similarly, subsection (c) applies to the assignment of a security interest perfected by compliance with a statute, regulation, or treaty under section 9–311(b), such as a certificate-of-title statute. *Unless the statute expressly provides to the contrary,* the security interest will remain perfected against creditors of and transferees from the original debtor, even if the assignee takes no action to cause the certificate of title to reflect the assignment or to cause its name to appear on the certificate of title. (Emphasis added.)

Commentary No. 12 of the Permanent Editorial Board of the UCC to the former Section 9–302 [now 9–310(c)] states:

... strict and literal construction of a certificate of title statute should be avoided if it produces a result that unnecessarily conflicts with the Uniform Commercial Code.

...

Those certificate of title statutes that do not specifically require, as a condition of perfection, that an assignee have the certificate of title endorsed or reissued to name itself as a lien holder, but instead contain phrases: ... "upon receiving a certificate," ... may be construed ... as being merely permissive on this

issue and as not requiring further action in order to continue perfection.

Furthermore, Arkansas Code Annotated § 4–9–311 provides:

Except as otherwise provided in subsection (d) and § 4–9–316(d) and (e), duration and renewal of perfection of a security interest perfected by compliance with the requirements prescribed by a statute, regulation, or treaty described in subsection (a) [property which requires compliance with the Certificate of Title Act] are governed by the statute regulation, or treaty. *In all other respects, the security interest is subject to this chapter.* (Emphasis added.)

Roswell cites to a host of cases from other jurisdictions that conclude that assignees are not required under the various state laws to cause a new title to be issued showing the name of the assignee as the lien holder.[4] None of the other state statutes contain identical language as that found in Arkansas' Certificate of Title Act. A Texas court found an assignment must be noted on the certificate of title in order for perfection to continue and while the Texas Certificate of Title Act uses different wording than that found in Arkansas Code Annotated § 27–14–908, it is similar. See *Clark Contracting Services, Inc. v. Wells Fargo (In re Clark Contracting Services, Inc.),* 399 B.R. 789 (Bankr.W.D.Tex.

---

**4.** See *Agricultural Services, Inc. v. Fitzgerald (In re Field),* 263 B.R. 323, 329 (Bankr.D.Idaho 2001)(Idaho's motor vehicle title act is silent concerning assignment of liens); *Security Pacific Fin. Services, a Div. of Bank of America, FSB v. Signfilled Corp.,* 125 N.M. 38, 42, 956 P.2d 837, 841 (1998)(state statute specifically provided that no new lien was required); *The Bank of New York v. Leake (In re Wuerzberger),* 284 B.R. 814, 822 (Bankr.W.D.Va.2002)(Virginia statute has no similar provision to Arkansas' that provides for the assignment of liens); *Western Board of* *Adjusters, Inc. v. Newport Motor Yachts, Inc.,* 25 Cal.App.3d 91, 100 Cal.Rptr. 925 (1972)(under California state law the UCC governs the validity of transfers of security interests in registered vehicles); *In re Chapin,* 6 UCC Rep. Serv. 984 (Bankr.W.D.Mich. 1969) (Michigan statute provides no filing of assignment is required except as against rights of a good faith purchaser without notice); *General Motors Acceptance Corp. v. Troville,* 6 UCC Rep. Serv. 409 (Mass.App.Div.1969)(Massachusetts's version of the UCC did not differentiate vehicles from other types of personal property).

2008). The Clark case has been criticized and is currently on appeal. See Barkley & Barbara Clark, *Texas Court Requires Assignees of Vehicle Contracts to get Liens Noted on New Certificate of Title*, A.S. Pratt & Sons: Clark's Secured Transactions Monthly 1, (Feb.2009). Research has not uncovered any cases construing the Arkansas statute which was originally passed in 1949.

## IV. ANALYSIS

■ Arkansas Code Annotated § 27–14–801 states that perfection of a lien in a vehicle is dictated by subchapter 8. Furthermore, Arkansas Code Annotated § 27–14–807 states that subchapter 8's requirements for perfection of a lien in a vehicle are exclusive. Arkansas Code Annotated §§ 27–14–705 & 27–14–713 requires that all liens are to be notated on the title.

■ An assignment does not create a new lien, but rather an assignee simply steps into the shoes of the assignor and obtains the assignor's rights. *The Bank of New York v. Leake (In re Wuerzberger)*, 284 B.R. 814, 824 (Bankr.W.D.Va.2002); *Agricultural Services, Inc. v. Fitzgerald (In re Field)*, 263 B.R. 323, 329 (Bankr.D.Idaho 2001). See also *American Transp. Corp. v. Exchange Capital Corp.*, 84 Ark.App. 28, 36, 129 S.W.3d 312, 316 (Ark.App.2003) (citing *First Nat'l Bank of Fayetteville v. Massachusetts Gen. Life Ins. Co.*, 296 Ark. 28, 752 S.W.2d 1 (1988))(an assignee obtains the rights possessed by the assignor at the time of the assignment). The lien granted to Key Bank complied with the requirements of subchapter 8 and was properly perfected. The question is, did the lien remain perfected when Key Bank assigned the lien without further action by Roswell. Official comment 4 to the UCC § 9–310(c) makes it clear that unless the state's Certificate of Title Act expressly provides to the contrary, UCC § 9–310(c) applies to assignments of liens on vehicles and the lien will remain perfected even if the assignee takes no action.

Arkansas Code Annotated § 27–14–908, which addresses assignments of vehicle liens, is not in subchapter 8. This section is found in subchapter 9 which does not deal with or even mention the issue of perfection; rather, it gives a lien holder the right to assign a lien and requires the Office of Motor Vehicle to issue a new certificate of title upon receiving the assigned certificate of title. The language of Arkansas Code Annotated § 27–14–805 addresses perfection when issuing a new certificate of title but this statute does not provide that failure to issue a new certificate of title pursuant to Arkansas Code Annotated § 27–14–908 results in the lien being unperfected.

It is undisputed that Roswell did not comply with Arkansas Code Annotated § 27–14–908; however, the statute is silent regarding the legal effect of failing to follow the statute. While not exactly on point, it is worth noting that courts have found that an owner's failure to comply with the Arkansas Certificate of Title Act by not securing an Arkansas title when a vehicle is moved to this state does not affect the perfection of the original lien holder.[5] See *Meeks v. Mercedes–Benz*

---

**5.** In *Strick*, the new buyer, an Arkansas resident, had a duty pursuant to the Arkansas Code to seek issuance of a certificate of title in Arkansas. The original certificate of title was issued by New Jersey, with a different lien holder. The new buyer did not get a new certificate of title from Arkansas so the first lien holder's interest was perfected. 479 F.Supp. 720, 725 (W.D.Ark.1979). A similar situation occurred in *Stinnett* whereby the debtor failed to register their lien in Arkansas when the lien was obtained under Oklahoma law. The *Stinnett* court found that the obligation was on the debtor to register their

*Credit Corp. (In re Stinnett),* 241 B.R. 599 (1999); *Strick Corporation v. Eldo–Craft Boat Co., Inc.,* 479 F.Supp. 720 (W.D.Ark. 1979). The *Stinnett* court went on to say the appropriate remedy would be prosecution of the current owner of the vehicle for failure to comply with the Certificate of Title Act. 241 B.R. 599, 602 (1999). The *Stinnett* court explained:

> The ultimate purpose of the Arkansas vehicle registration laws is identification of vehicles and revenue collection. . . . In contrast, the purpose of the commercial code is to "promote the uniform recognition of security interests which have been noted on the certificate of title," *Uhle v. Parts and Trucks (In re Paige),* 679 F.2d 601, 602 (6th Cir.1982), *i.e.,* to provide notice to potential purchasers or creditors that the property is encumbered. *Hoffman v. Associates Commercial Corp. (In re Durette),* 228 B.R. 70, 74 (Bankr.D.Conn.1998).

*In re Stinnett,* 241 B.R. 599, 602 (1999).

The UCC adopted by the General Assembly and the commentary state that the language used in Arkansas Code Annotated § 27–14–908 should be read as permissive and the overall scheme of the UCC should be followed if at all possible. The general rule under the UCC is that no further action need be taken to continue perfection when dealing with assignments. Reading the UCC and the Certificate of Title Act together, the Court cannot infer that the General Assembly meant that failure to comply with Arkansas Code Annotated § 27–14–908 would result in an assigned lien in a motor vehicle being unperfected.

### V. CONCLUSION

■ Because Arkansas law does not require the assignee's name to appear on the vehicle and failure to do so did not affect the creditor's perfection of the lien. 241 B.R.

certificate of title to maintain perfection of an existing lien in a vehicle and the evidence is that no equity exists in the vehicle, Roswell's motion for abandonment and relief from the automatic stay is granted.

IT IS SO ORDERED.