In re Gary GAINES, and Vicki Gaines, Debtors.

Gary Gaines, and Vicki Gaines, Plaintiff

v.

Ford Motor Credit Corp, Defendant.

Bankruptcy No. 4:08–bk–13785.
Adversary No. 4:09–ap–01074.

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

Aug. 26, 2009.

Annabelle Patterson, John Flynn, Joel Hargis, for plaintiffs.

Robert Nixon, Louis "Whit" Light, for defendant.

Joyce Bradley Babin, Ch. 13 Trustee, U.S. Trustee.

### ORDER GRANTING MOTION TO DISMISS

AUDREY R. EVANS, Bankruptcy Judge.

The Defendant's *Motion To Dismiss,* briefs in support, and Plaintiffs' response and brief, are before the Court. Defendant moves pursuant to Federal Rule of Civil Procedure 12(b)(6) and Federal Rule

of Bankruptcy Procedure 7012 to dismiss the Plaintiffs' *Complaint for Declaratory Judgment Avoiding Lien and for Damages and Sanctions.* On June 9, 2009, the Court held oral argument, and upon review of the standards for motions to dismiss under Rule 12(b)(6), the Court found that the bulk of this case rested on a dispositive issue of law, namely, whether or not the Defendant (or the entity on whose behalf it is servicing the loan at issue) is a secured creditor, as Defendant contends, or whether the creditor lost its secured status upon assignment of the loan without notice to the Debtors or third parties, as Plaintiffs/Debtors contend. The Court has considered all the arguments of the parties, and for the reasons stated below, Defendant's Motion to Dismiss is granted.

## BACKGROUND

On July 4, 2007, the Debtors executed a retail installment contract with Ford Motor Credit Corporation LLC ("**FMCC**") for the purchase of a 2007 Ford Fusion. The contract granted FMCC a security interest in the vehicle as collateral for the indebtedness created by the retail installment contract. FMCC perfected its security interest in the vehicle at the time of conveyance by noting its security interest on the vehicle's certificate of title. FMCC admits in its *Brief in Support of Motion to Dismiss* that it assigned Debtors' contract to Ford Credit Extended Contracts LLC ("**FCEC**") and then to a securitized trust, Ford Credit Auto Owner Trust 2007–EXT3 ("**Ford Trust**").[1] Neither FCEC or Ford Trust obtained a new certificate of title reflecting the name of the new lienholder.

On June 24, 2008, Debtors filed a voluntary petition under Chapter 13 of the

Bankruptcy Code, and a Chapter 13 plan proposing to pay FMCC as a secured creditor in the amount of $24,027.00. On July 16, 2008, FMCC filed a proof of claim in the amount of $24,216.60 along with copies of the retail sales contract and certificate of title listing FMCC as the first lien holder. On September 30, 2008, the Court entered an *Order Confirming Chapter 13 Plan.* On December 10, 2008, FMCC filed a *Motion for Relief From Stay.* Debtors filed a response to FMCC's motion asserting that FMCC was not a secured creditor, but merely a servicer of the loan. FMCC later withdrew its Motion for Relief because the Debtors had agreed to a strict compliance order (meaning the Debtors were obligated to make full and timely plan payments for a specific period of time, or their case would be automatically dismissed) in order to settle a Motion to Dismiss filed by the Trustee. The Debtors subsequently filed this adversary proceeding on March 23, 2009.

## ISSUE PRESENTED

On March 23, 2009, Debtors filed this adversary proceeding seeking a *Declaratory Judgment Avoiding Lien and For Damages and Sanctions* alleging that at the time they filed their schedules and petition they had no notice that the lien on the vehicle had already been assigned by FMCC. Debtors argue that in order to maintain perfection under Arkansas law, an assignee must be named on the vehicle's certificate of title in compliance with Arkansas Code Annotated § 27–14–908. Debtors allege that although FMCC originally notated its lien on the vehicle's certificate of title as required by Arkansas law, FMCC subsequently sold its security interest in the vehicle, and thus, no longer

---

1. FMCC admits in its brief that it assigned the contract, but did not provide evidence of      when each conveyance occurred.

holds a valid perfected lien. Further, Debtors allege that the new lienholder, Ford Trust, has failed to take the necessary steps to name the securitized trust on the vehicle's certificate of title, and therefore, the lien is unperfected under Arkansas law. As such, Debtors allege that FMCC has filed a fraudulent proof of claim by representing itself as the lienholder on the vehicle. Consequently, Debtors challenge the validity of the claim and request that the Court: (1) reconsider the claim pursuant to 502(j); (2) determine the validity, priority, or extent of the lien pursuant to Rule 7001(2); (3) order FMCC to turnover adequate protection payments paid to FMCC as a secured creditor; and (4) award actual and punitive damages plus attorney fees for Defendant's willful violation of the automatic stay pursuant to 11 U.S.C. § 362(a)(3) in attempting to exercise control over property of the estate through its proof of claim and a motion for relief from stay.

On April 21, 2009, in response to the complaint, FMCC filed a *Motion to Dismiss* asserting that the Debtors have stated an incorrect statement of law to support their claim that the vehicle is not encumbered by a perfected security interest. FMCC argues pursuant to Title 4, Chapter 9 of the Arkansas Code (which adopts Chapter 9 of the Uniform Commercial Code ("UCC")), specifically § 4–9–310(c), that if a secured party assigns a perfected security interest in an automobile, the security interest will remain perfected against creditors of and transferees from the original debtor, even if the assignee takes no action to change the name on the certificate of title. FMCC further asserts that as servicer of the debt on the lien and custodian of the original contract and Certificate of Title, FMCC is the proper party to enforce the debt in the bankruptcy proceeding. Finally, FMCC argues that reconsideration of the claim is barred by 11 U.S.C. § 1327 and the doctrine of res judicata.

## LEGAL STANDARD

The standard for dismissal under Federal Rule of Bankruptcy Procedure 7012(b)(6) is as follows:

A motion to dismiss for failure to state a claim will be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984); *Hughes v. Rowe,* 449 U.S. 5, 10, 101 S.Ct. 173, 176, 66 L.Ed.2d 163 (1980); *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).... In appraising the sufficiency of a complaint for Rule 12(b)(6) purposes, the court must take the well-pleaded allegations of the complaint as true, and construe the complaint, and all reasonable inferences arising therefrom, most favorably to the pleader. *Westcott v. Omaha,* 901 F.2d 1486, 1488 (8th Cir. 1990); *Morton v. Becker,* 793 F.2d 185, 187 (8th Cir.1986). Nevertheless, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim. *See Westcott,* 901 F.2d at 1488 (citing *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir.1987)).

*In re Russ,* 1997 WL 188449, at * 1–2 (Bankr.D.Minn. Apr.18, 1997). Further,

When a dispositive issue of law precludes a plaintiff from being entitled to relief regardless of the allegations of fact, the plaintiff might prove, Rule 12(b)(6) authorizes a court to dismiss that plaintiff's claims. *Neitzke v. Williams* 490 U.S. 319, 326–327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). In order to streamline litigation and dis-

pense with needless discovery and fact-finding, courts are required to dismiss legal claims that are destined to fail regardless of whether they are nearly viable. *Neitzke,* 490 U.S. at 326–27, 109 S.Ct. 1827 (stating "[n]othing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable. . . . [A] claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one.").

*Ray v. American Airlines, Inc.,* 2008 WL 3992644, 3 (W.D.Ark.2008).

### DISCUSSION

■ The purely legal issue before the court is whether Ford Trust, as the assignee of FMCC, has a perfected security interest in the vehicle by virtue of having the name of its assignor reflected on the certificate of title as the lienholder. Judge James G. Mixon recently decided this issue in *In re Johnson* and found that Arkansas law does not require the assignee's name to appear on the certificate of title to maintain perfection of an existing lien on a vehicle. *In re Johnson,* 407 B.R. 364

(Bankr.E.D.Ark.2009). The Court finds the Mixon Court's reasoning to be compelling, adopts the Court's reasoning and its conclusion, and therefore finds that Ford Trust is a properly perfected secured creditor with a perfected security interest. Consequently, because the Debtors' Complaint is entirely premised on the assertion that Ford Trust is not in fact a secured creditor (based on its allegation that Ford is unperfected),[2] the Debtors' Complaint must be dismissed. Finally, in addition to adopting Judge Mixon's opinion, the Court addresses the following additional arguments made by the Debtors.

■ First, the Debtors in this case also argue that the assignment of the note resulted in a satisfaction of the note triggering the application of Ark.Code Ann. § 27–14–909.[3] That statute provides that a lien is satisfied when a lienholder receives final payment; however, most courts recognize that the assignment of a lien does not create a "new" lien and since no final payment occurs, the statute does not apply. *See In re Wuerzberger,* 284 B.R. 814 (Bankr.W.D.Va.2002); *In re Field,* 263 B.R. 323 (Bankr.D.Idaho 2001).

---

2. The Court notes that lack of perfection does not necessarily invalidate a security interest between the debtor and secured party. The Debtors in this case did not set forth in their complaint on what grounds Ford Trust's lien would become unsecured if it were in fact unperfected. Having found the lien perfected, the Court need not address this issue further.

3. Ark.Code Ann. § 27–14–909, provides, in relevant part:

(a) For purposes of this section, a lien or encumbrance is satisfied when the lienholder receives final payment under § 4–4–215.

(b)(1) Upon the satisfaction of any lien or encumbrance on a vehicle for which the certificate of title is in the possession of the lienholder, the lienholder shall within ten (10) business days after receipt of final payment under § 4–4–215 execute a release of

the lien or encumbrance in the space provided in the certificate of title, or as the Office of Motor Vehicle prescribes, and mail or deliver the certificate of title and the release of lien or encumbrance to the next lienholder named in the certificate of title or, if none, to the owner or to any person who delivers to the lienholder an authorization from the owner to receive the certificate of title.

(2) Upon the satisfaction of a lien or encumbrance on a vehicle for which the certificate of title is in the possession of a prior lienholder, the lienholder whose lien or encumbrance is paid in full shall within ten (10) business days after receipt of final payment under § 4–4–215 execute a release of lien or encumbrance in the form the office prescribes and deliver the release of lien or encumbrance to the owner or to any person who delivers to the lienholder an authorization from the owner to receive it.

Additionally, since there is no cross-reference between §§ 27–14–908 and 27–14–909 indicating that an assignment triggers a release of lien requiring the application of § 27–14–909, the Court cannot find that the statute contemplates satisfaction and release upon assignment of a vehicle.[4] In this case, as FMCC contends, Ford Trust simply stepped into FMCC's shoes as to the properly perfected lien on the vehicle. Because no "new" lien was created by the assignment, Defendant was not required to release the lien and comply with the requirements of § 27–14–909. Accordingly, the Court finds this argument without merit.

■ Second, the Court will briefly address a separate issue Plaintiffs seek to raise in this case although it is not specifically pled in their Complaint. That is, whether FMCC was the proper party to file a proof of claim or motion for relief from stay regardless of whether Ford Trust holds a perfected lien. In its Motion to Dismiss, FMCC stated that Plaintiffs' complaint implied FMCC was not the proper party to file pleadings on behalf of Ford Trust regardless of the perfection issue. The Plaintiffs' Complaint is focused entirely on the perfection issue, but the issue of FMCC's authority to file on behalf of Ford Trust was briefly raised by Plaintiffs at the June 9, 2009 hearing on FMCC's Motion to Dismiss and in Plaintiff's response to FMCC's Motion to Dismiss. Plaintiffs' counsel argued that this issue was based on facts outside the pleadings and therefore not proper for a motion to dismiss. Then, in a July 20, 2009 letter to the Court (docket # 20), Plaintiffs' counsel argued that FMCC "had no standing to file a Motion for Relief or a Proof of Claim asserting that FMCC is the owner and holder of the note because it no longer has any security interest in the vehicle." Plaintiffs' counsel argues that FMCC cannot by private contract give itself standing to file pleadings on behalf of Ford Trust.[5] FMCC, meanwhile, argued in its Motion to Dismiss that by agreement with Ford Trust, it is the servicer of the loan at issue and by virtue of its agreement, is authorized to file pleadings on behalf of Ford Trust. Plaintiffs aver they have not yet seen the alleged agreement. The Court has carefully reviewed Plaintiffs' Complaint and finds that Plaintiffs have not specifically pled a cause of action based on FMCC's authority or lack of authority to file pleadings on behalf of Ford Trust. Rather, the Complaint repeatedly states that FMCC's actions in filing a proof of claim or motion for relief were improper because FMCC and Ford Trust were unperfected and therefore unsecured.

Accordingly, the standing issue has not been properly raised, and is therefore not properly before the Court.

## CONCLUSION

For the reasons stated herein, it is hereby

---

4. Further, Ark.Code Ann. § 27–14–909 provides that upon satisfaction of a lien, the lienholder shall "mail or deliver the certificate of title and the release of lien or encumbrance to **the next lienholder named in the certificate of title.**" The Debtors argue this sentence applies to an assignee although the language clearly contemplates that the lienholder must mail the certificate of title to another lienholder **already** listed on the certificate of title; this is not the same as requiring an assignee to obtain a new certificate of title with its name on it.

5. If FMCC is able to produce the servicing agreement and it does in fact grant FMCC the authority to service this loan, this issue will be resolved. A proof of claim may be filed by a creditor or by the creditor's authorized agent. 11 U.S.C. § 501(a); Fed. R. Bankr.P. 3001(b). *See e.g., In re Wells,* 407 B.R. 873 (Bankr. N.D.Ohio 2009) (Court disallowed claim after finding that party who filed proof of claim failed to show that it had standing to file claim and also failed to show that it was entitled to enforce the note and mortgage.).

**ORDERED** that the Defendant's Motion to Dismiss is **GRANTED.**

**IT IS SO ORDERED.**